HAWTHORNE, Justice.
In these proceedings the United Bonding Insurance Company of Indianapolis, Indiana, surety on the bail bond of each of three persons charged with felonies, seeks a decree ordering Jam Garrison, district attorney for the Parish of Orleans, to return to it the sum forfeited on the bail bond of each of the accused.[1] The judge of the criminal district court refused to order the refund and dismissed the surety’s applications. From this judgment the surety has appealed.
Johnny Stanley Sienda, McKinley Red-dick, Jr., and George Donivan, who were charged in separate bills of information with, respectively, simple robbery, simple burglary, and armed robbery, were admitted to bail, the surety in each case being United Bonding Insurance Company, appellant here. The amount of bail for Sienda was $1500.00, for Reddick $1000.00, and for Donivan $10,000.00. After Sienda had failed to appear for arraignment and Reddick and Donivan for trial, the State moved to forfeit the bail bonds, and a judgment of forfeiture was rendered in favor of the State of Louisiana against each *376 principal and his surety, the United Bonding Company.[2]
After the end of the statutory period of 60 days during which the judgments of forfeiture could have been set aside under Articles 108 and 109, Code of Criminal Procedure, a writ of fieri facias was issued in each case directed to the sheriff of East Baton Rouge Parish. The surety in satisfaction of these writs of fieri facias paid the sheriff the principal amount of each bond plus costs and commissions, and the sheriff in turn disbursed the principal amount of these bonds, totalling $12,500.00, to the district attorney of Orleans Parish.[3] Later all three of the accused were taken into custody and were held in parish prison awaiting trial.
Thereafter the Governor of the State of Louisiana, purporting to act under the authority of Article 5, Section 10, of the Constitution, issued a remittitur in each case for the full amount of the bail bond. The district attorney of the Parish of Orleans refused to honor the remittitur and make refund to the surety, and these proceedings were instituted by the surety. The judge of Section “F” of the Criminal District Court for the Parish of Orleans rendered a judgment in favor of the State, holding that the surety, appellant here, had no legal right to the remittitur of the funds in any of these cases, and accordingly dismissed the proceedings in each case. This appeal followed.
The surety company, appellant here, argues that the power vested in the Governor of Louisiana by Article 5, Section 10, of the Louisiana Constitution of 1921 includes the authority to remit forfeiture of bail. Article 5, Section 10, of the Constitution provides :
“The Governor shall have power to grant reprieves for all offenses against the State; and may, except in cases of impeachment, or treason, upon the recommendation in writing of the Lieutenant Governor, Attorney General, and presiding judge of the court before which the conviction was had, or any two of them, grant pardons, commute sentences, and remit fines and forfeitures. jjc % % " [4]
Our review, study, and analysis of the nature and extent of the pardon power of the monarchs of England[5] (the source of the executive pardon power in this country), the proceedings of our federal constitutional convention,[6] the Federalist and *377 other constitutional papers,[7] and the early constitutions of the states of this country,[8] including our own Constitution of 1812, convince us that the mercy power of the executive in this country was conceived as extending only to persons committing offenses. To have it extend to such civil matters as forgiving debts as distinguished from forgiving penalties for offenses is inconsistent with the theory of executive power under our form of government.
It is thus clear to us that the power vested in the Governor by the clemency provision of our present Constitution and all previous constitutions allowed him only to extend mercy to those committing offenses. Moreover, the specific language used to define his power in the present provision makes any other interpretation impossible. The provision clearly grants the power of reprieve for “all offenses against the State”. And certainly the power of pardon, commutation of sentence, and remission of fines cannot possibly be exercised unless there has first been an offense against the State; otherwise there would be no offender to be pardoned, no sentence to be commuted, and no fine to be remitted. Since the provision lists the power to remit forfeitures along with the power to pardon, commute sentence, and remit fines, the power to remit forfeitures also can exist only when there has been a forfeiture for an offense against the State.[9] Likewise, the word “conviction” in the phrase “before which the conviction was had” limits his power to forgiving offenses; the word “conviction” in this phrase can mean only a conviction for an offense against the State.
The question for decision, then, is whether the forfeiture of a bail bond is a forfeiture for an offense against the State.
It is well settled in Louisiana that the proceeding to forfeit a bail bond is a civil proceeding arising out of a contract under private signature between the surety for the accused and the State. Upon default of the conditions of the bail bond, a money judgment may be rendered against the principal and the surety in solido in favor of the State, and if the forfeiture is not set aside under the authority of Articles 108 and 109 of the Code of Criminal Procedure, a writ of fieri facias may be issued for collection of the judgment. When such a judgment becomes final, there comes into existence a debt due the State by the principal and the surety. This debt is a civil obligation, and cannot possibly be considered as a penalty for an offense against the State.
As far back as 1858 this court in State v. Ansley, 13 La.Ann. 298, had this to say: *378 suretyship for the appearance of a person charged with, crime, he incurs a civil obligation * *
*377 “ * * * We are of the opinion that where a party enters into the obligation of
*378 In State v. Hendricks, 40 La.Ann. 719, 5 So. 24, 177, this court said of the forfeiture of bail bonds:
“Intrinsically, the proceeding may be viewed as civil in character. It is based on a contract under private signature, on which a money judgment can be rendered, which may be executed on the issuance of a fi. fa. It is not a, proceeding for the recovery of a fine inflicted for the commission of an offense.” (Italics ours.)
In State v. Williamson, 135 La. 662, 65 So. 877, this court made the following pertinent observation:
“While the action for the forfeiture of a bail bond evidences a dereliction to the court on the part of the surety, and the resulting forfeiture thereof is its penalty, yet this default is not per se a criminal act punishable as such. It is conceded in all recent decisions on the subject, in so far as the recognizance is considered intrinsically, that action for default of a bond is a civil proceeding. It is viewed in a different way in determining the question of jurisdiction.” See also State v. Toups, 44 La.Ann. 896, 11 So. 524.
1 Marr’s Criminal Jurisprudence of Louisiana (2d ed. 1923), Sec. 298, p. 447, gives the following excellent summary of Louisiana decisions:
“Intrinsically the proceeding to forfeit a bail-bond may be viewed as civil in character, being based on a contract under private signature, on which a money judgment may be rendered, which may be executed on the issuance of a fi. fa.; it is not a proceeding for the recovery of a fine iit-flicted for the commission of an offense; none the less it is treated as a criminal proceeding in order to determine the question of jurisdiction in case of appeal * * *.’r
(Italics ours.)
In support of his argument that the constitutional provision here involved includes the authority to remit forfeiture of bail bonds, counsel for the surety company cites the recent decision of the Court of Appeal, Third Circuit, in the case of Summit Fidelity & Surety Co. v. Police Jury of Rapides Parish, 145 So.2d 395.[10] The Court of Appeal, accepting the surety company’s contention in that case, was of the opinion that in Louisiana a judgment ordering forfeiture of a criminal appearance bond recognizes a criminal, not a civil, liability, and cited in support of its statement a case of this court, State v. Shelton, 227 La. 27, 78 So.2d 498.
The Shelton case is not authority for the Court of Appeal’s conclusion. The only question considered by the court in the Shelton case was that of jurisdiction of the appeal from a judgment overruling a motion to set aside forfeiture of a bail bond, and the court there properly held that an appeal in a proceeding to forfeit a bail bond lies to the court having appellate jurisdiction of the criminal case. The authorities cited in that case, some of which we have cited here, recognize that such a proceeding is intrinsically civil, but that it is viewed in a different way in determining the question of jurisdiction and is treated as a criminal proceeding solely to determine jurisdiction. It was not our intention to hold in the Shelton case, nor did we hold, that a bail bond forfeiture is criminal in nature.
In the Summit Fidelity case the Court of Appeal recognized that the executive pardoning power is primarily an exercise of discretionary clemency relating to criminal liability, and recognized that this pardoning power “ * * * cannot be used to release or destroy the civil rights or remedies of private individuals, or to relieve against *379 private obligations, civil penalties and forfeitures, or an order or judgment in a civil action or proceeding”. 67 C.J.S. Pardons § 5, at p. 570. If the Court of Appeal had then recognized, as we do, that when a judgment to forfeit a bail bond “becomes final, there comes into existence a ■debt due the State which is only a civil obligation, it could not have reached the conclusion that the Governor has the power un■der Article 5, Section 10, to remit the forfeiture of a bail bond.
Cases from other states were cited by the 'Court of Appeal in support of its holding in the Summit Fidelity case, and these authorities are largely relied on by the surety in the instant case. These cases are not controlling here, however, and we are not im-pressed with their reasoning on this point. In one of these cases, Tinkle v. State of Arkansas, 230 Ark. 966, 328 S.W.2d 111, 77 A.L.R.2d 979 (1959), the Supreme Court of Arkansas held that the Governor of that state had the authority to remit a forfeited hail bond under the constitutional provision reading: “In all criminal and penal cases, except in those of treason and impeachment, the Governor shall have power to •grant reprieves, commutations of sentence ■and pardons after conviction; and to remit fines and forfeitures under such rules and regulations as shall be prescribed by law. * * * ” (Art. 6, § 18) The Arkansas court in the Tinkle case recognized that forfeitures are of two categories, criminal and civil, and concluded (unlike the Louisiana Supreme Court) that the forfeiture of a bail bond fell into the criminal category. In an impressive dissenting opinion in the Tinkle case Justice McFaddin took the position that the forefeiture of a bail bond is a civil proceeding enforcible by civil action, and in support of this statement he cited numerous cases including decisions of the Supreme Court of Louisiana. He concluded, we think rightly, that the Governor’s power under the constitutional provision relates only to criminal and penal cases and does not extend to civil cases such as bail bond forfeitures.
In the instant matter the trial judge cited the Court of Appeal’s opinion in the Summit Fidelity case for the proposition that the word “forfeitures” in Article 5, Section 10, of the Constitution includes the forfeiture of a bail bond.[11] The Court of Appeal’s decision in the cited case is not final, being presently before us under our supervisory jurisdiction, and for the reasons set out above, we think the Court of Appeal there was in error. The trial judge in the instant case after accepting that holding of the Court of Appeal concluded in a well written, well reasoned, and scholarly opinion that the power vested in the Governor could be exercised only after conviction, and held also that the Governor was without legal right to order the remit-titur of the funds in question after they had been collected and disbursed to governmental units and officers having a statutory right to share in them.
These holdings appear to have merit, but since Article 5, Section 10, of the Constitution does not confer authority on the Governor to remit a forfeited bail bond, it is not necessary for us to discuss them.
For the reasons assigned the judgment of the Criminal District Court for the Parish of Orleans, Section “F”, refusing to order the refund of the sum forfeited on each of these bail bonds and dismissing the surety’s application is affirmed. Appellant is to pay all costs.
SUMMERS, J., absent.

. Separate application was made in each case by the surety, but as the issues were identical, all three cases were consolidated in the lower court, and one judgment rendered.

. The judgment in the Reddick case reads: “IT IS ORDERED BY THE COURT that there be judgment against McKIN-LEY REDDICK, JR., as principal, and United Bonding Insurance Company, 544 South Broad Street, New Orleans, Louisiana, as Surety in solido, in favor of the State of Louisiana, in the sum of One Thousand Dollars ($1,000.00), together with legal interest thereon from date hereof until paid, being the full amount of bond entered into by the said MeKINLEY REDDICK, JR., as principal, and United Bonding Insurance Company, 544, South Broad Street, New Orleans, Louisiana, as Surety.” The judgments in the other two cases are similar.

. The amount of the bonds was paid to the district attorney of Orleans Parish pursuant to Article 571.11 of the Code of Criminal Procedure as amended by Act 236 of 1900.

. The statutory authority of the Governor is found in Article 572 of the Code of Criminal Procedure, which reads as follows: “The governor shall have the power to grant reprieves for all offenses against the state; and, except in cases of impeachment, or treason, shall, upon the recommendation in writing of the lieutenant-governor, attorney-general and presiding judge of the court before which the conviction was had, or any two of them, have power in his discretion to grant pardons, commute sentences, and remit fines and forfeitures, after conviction.”

. Cooley’s Blackstone, Commentaries on the Laws of England (4th ed. 1899), Bk. IV, Ch. XXXI, Of Pardon and Reprieve, p. 1523; 4 Hawkins, A Treatise on the Pleas of the Crown (Leach’s 7th ed. 1795), Bk. 2, ch. 37, Of Pardon, p. 331; De Lolme, The Constitution of England (1807), p. 72.

. The Papers of James Madison (Gilpin’s ed. 1840), pp. 743, 1237, 1433, 1542, 1555, 1587.

. Federalist, No. LXXIV; II Federalist and other Constitutional Papers, p. 885; see also 3 Willoughby, The Constitutional Law of the United States (2d ed. 1929), see. 975, p. 1495; 1 Kent’s Commentaries on American Law (12th ed. 1873), pp. 301 et seq.

. Mass.Const, of 1780, Ch. II, Art. VIII; Maryland Const, of 1776, Art. XXXIII; New Hampshire Const, of 1792, sec. 52; New York Const, of 1777, Art. XVIII; New Jersey Const, of 1776; Ga.Const. of 1798, Art. II, see. 7; Ohio Const, of 1802, Art. II, sec. 5; S. Carolina Const, of 1790, Art. II. sec. 7; Tenn.Const. of 1796, Art. II, sec. 6; Del.Const. of 1792, Art. Ill, see. 9; Ky.Const. of 1799, Art. II, See. 11; N. Carolina Const, of 1776, Art. II, see. XIX, Pa.Const. of 1790, Art. II, see. 9; Vt.Const. of 1793, Art. II, see. 11; Va.Const. of 1776.

.Examples of forfeitures authorized by law of offenses against the State are forfeiture of weapons (R.S. 15:529.7); forfeiture of illegally possessed narcotics (R.S. 40:972); forfeiture of vessel, vehicle, etc., used in violation of food and drug laws (R.S. 40:1001); forfeiture of vehicle transporting gasoline, etc., on which state tax has not been paid (R.S. 47:781); forfeiture of vessel, etc., used in illegal taking or transportation of commercial fish (R.S. 56:386); forfeiture of vessel, etc., used in illegal taking or transportation of shrimp (R.S. 56 :508).

. A writ of review was granted in the cited case (La., 154 So.2d 373), and it was consolidated for argument in this court with the case here under consideration.

. The trial judge aptly said, however:
“ * * * forfeiture of a bail bond has been held to be embraced within the word ‘forfeitures’ despite an appealing argument to the contrary revolving around a nucleus of thought to the effect that a forfeiture of an appearance bond is not a penalty for any crime committed * *