177 So.2d 112

**STATE of Louisiana**

**v.**

**Jerry KUNZLER.**

**No. 47698.**

July 2, 1965.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent

Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellant.

Clarence O. Dupuy, Jr., New Orleans, for appellee.

HAMITER, Justice.

The State of Louisiana is prosecuting this appeal from a judgment of the Nineteenth Judicial District Court in and for East Baton Rouge Parish which set aside a bond forfeiture entered previously against United Benefit Fire Insurance Company of Omaha, Nebraska.

The record discloses that one Jerry Kunzler was arrested for and charged with the theft, on January 20, 1963, of an automobile valued at $2000. Later, he, as principal, and the above named insurance company (hereafter sometimes called United Benefit), as surety, executed a bond in favor of the State of Louisiana conditioned on Kunzler's appearance in court on October 2, 1963 to answer to the charge. The accused having failed to so appear, a judgment was rendered on that day (and signed October 4, 1963) decreeing a forfeiture of the bond.

No action was commenced to set aside the forfeiture until the present proceeding, in the form of a motion and a rule to show cause, was instituted by United Benefit on October 23, 1964—more than a year after rendition of the forfeiture judgment. The motion asserted that the forfeiture should be set aside because the accused was incarcerated in the jail of Escambia County, Florida, at the time of his scheduled appearance in the East Baton Rouge Parish court. Further, it recited that notification of Kunzler's incarceration was given within sixty days of the forfeiture to the sheriff and district attorney of East Baton Rouge Parish.

The district attorney answered and opposed the motion and rule, he urging that they came too late.

The law governing the cancellation of judicial forfeitures of appearance bonds for the period involved in this litigation was LRS 15:109, as amended by Act 411 of 1962. It pertinently provided: " 'No judgment decreeing the forfeiture of the appearance bond shall be rendered in case it shall be made to appear to the satisfaction of the court that the principal in such bond is prevented from attending due to the fact that he is being detained in a jail or in a penitentiary in another jurisdiction or is serving in the Armed Forces of the United States. A sworn affidavit of the jailer, warden or other responsible officer of the jail or penitentiary in which the principal is being detained or the commanding officer of the principal who is in the Armed forces, shall be considered adequate proof of the principal's detention. *If said adequate proof is furnished within sixty days of forfeiture that the principal failed to ap-*

*pear on date of forfeiture for the reasons herein set forth said forfeiture shall be set aside.'* " (LRS 15:109 was later amended by Act 220 of 1964 which extended the time for obtaining a cancellation of forfeiture from sixty days to six months. However, from the foregoing recitation as to the dates involved here, it is obvious that the latter amendment is not applicable to this cause. And appellee does not contend that it is.) (Italics ours.)

In its brief to this court United Benefit, after quoting the above emphasized portion of LRS 15:109, as amended by the 1962 Act, states: "This statute also provides that a sworn affidavit of the jailer or warden of the other jurisdiction in which the defendant is being detained shall be considered adequate proof, but it is very clear that that is not the sole type of proof which may be adduced to set aside the forfeiture nor does the statute require that a motion to set aside forfeiture be filed within the sixty (60) day period. The statute does not even require that a motion to set aside forfeiture be filed with the court. It merely requires that adequate proof be furnished within sixty (60) days of forfeiture. The trial judge determined that adequate proof had been furnished to the district attorney and to the sheriff, both of whom are officers of the court, within the sixty (60) day period, therefore it is respectfully submitted that the trial court should be sustained in this matter. If this statute is inadequate then it is respectfully submitted that is a matter which addresses itself to the Legislature."

The "adequate proof" referred to by appellee as having been furnished consisted solely of two letters. One was written on October 9, 1963 by a deputy sheriff of East Baton Rouge Parish to the Sheriff of Escambia County, Florida, the pertinent portion of which recited:

"Dear Sheriff:

"I am enclosing a certified copy of our felony warrant for the arrest of one Jerry Kunzler, * * * who I understand is now in your custody." A copy of this letter was sent to and received by the East Baton Rouge Parish district attorney's office on October 10, 1963.

The other letter, in affidavit form and dated November 13, 1963, was addressed to the New Orleans Bail Bond Company which is located in New Orleans. It was signed by a clerk for the Sheriff of Escambia County, Florida, and certified that Gerald Kunzler was then incarcerated in the Escambia County jail and had been there since September 27, 1963. It was not received by the East Baton Rouge Parish district attorney's office until February 19, 1964; and neither the court nor the sheriff of that parish was ever a recipient of it.

■ The position taken by United Benefit, and apparently approved by the trial judge, requires that we interpret the above emphasized portion of LRS 15:109, as

amended by the 1962 statute. Of course, such statutory provision, as asserted by appellee, does not specifically set forth to whom the "adequate proof" shall be made. But a fair reading of the entirety of Section 109, along with the provisions of Sections 107 and 108, can lead to but one interpretation which is that such proof must be funished to the court. It would serve no useful purpose whatever to make it to anyone else inasmuch as, obviously, only the court decreeing the forfeiture can set aside such a decree.

Indeed, appellee's counsel impliedly concedes that the statute means that proof of incarceration must be furnished to the court, for he argues in his brief that it was so furnished by reason of its having been sent to the sheriff and to the district attorney, *who are officers of the court,* within the sixty day period. (This argument can apply only to the letter of October 9, 1963. The affidavit of the Escambia County sheriff's clerk was never received by the East Baton Rouge Parish sheriff, and it did not reach the district attorney's office of that parish until long after the sixty day period.)

For us to hold that "adequate proof" was furnished to the judge when the sheriff or district attorney received the information would be to impute to the court the knowledge of such officers relative to all transactions of their respective offices. Moreover, it might just as well be said that the imputation would affect also officers such as the recorders of mortgages and of conveyances, thereby dispensing with the necessity of producing as evidence various documents of record in the archives of those officials. Results of that kind, obviously, are untenable.

We hold, therefore, that the "adequate proof" required by the statute must have been made to the judge in a judicial proceeding commenced within the prescribed sixty day period by a motion to set aside the forfeiture or by some other appropriate pleading designed to bring evidence of the accused's incarceration before the court. This was not done here.

Incidentally, we are inclined to the view that the East Baton Rouge deputy sheriff's letter of October 9, 1963 did not constitute adequate proof to anyone of the accused's incarceration. Therein such official merely stated that he *understood,* or had heard, that Kunzler was in the custody of the Escambia County, Florida, sheriff. It was hearsay of the rankest sort, with no indication even as to the basis for it.

■ With further reference to the discussed letters appellee urges that this court, in a criminal case, cannot pass upon the sufficiency of the evidence and that they constituted some proof. The rule thus referred to is inapplicable here because, as has been held on several occasions, proceedings involving appearance bond forfeitures are civil in nature, although con-

sidered criminal for appellate jurisdictional purposes only. See State v. United Bonding Insurance Company of Indianapolis, Indiana, 244 La. 716, 154 So.2d 374 and the cases cited therein.

For the reasons assigned the judgment of the district court which set aside the bond forfeiture is reversed and annulled, the motion therefor is overruled, and the rule issued in connection therewith is discharged and vacated. Costs of this proceeding shall be paid by appellee.