191 So.2d 500

**STATE of Louisiana**

**v.**

**William F. WATSON.**

**No. 48014.**

**Nov. 7, 1966.**

Edward G. Koch, Jr., New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

Stuyvesant Insurance Company, surety on the two bail bonds involved herein, has appealed from the judgment of the district court rejecting its demand to set aside the forfeiture of the bonds.

In separate Bills of Information, the state charged William F. Watson with armed robbery and unlawful possession of narcotics. On December 17, 1963, Watson was allowed bail in both cases. The court set both bonds at $10,000.00.

After Watson failed to appear for trial, the state moved to forfeit the bail bonds. In the narcotics case, the court rendered a judgment of forfeiture on March 18, 1964; in the armed robbery case, the forfeiture judgment was rendered on March 23, 1964.

On June 4, 1964, more than sixty days after bond forfeiture, the Stuyvesant Insurance Company filed a petition to set aside the forfeiture, alleging Watson was arrested in New York City on May 4, 1964, and transferred to Bellevue Hospital for observation and treatment; the surety was unable to gain his custody in May, 1964, when it attempted to do so.

The evidence at the hearing sustained these allegations. Watson was arrested for attempted robbery on May 4, 1964. The following day he was transferred to Bellevue Hospital for observation of his mental condition. When the surety's agents attempted to gain his custody on May 15, and May 16, 1964, they were unable to do so because his mental condition required further detention. Stuyvesant made no showing that defendant was detained or otherwise prevented from appearing on the forfeiture dates, March 18 and March 23, 1964.

■ The district court rejected petitioner's demand to set aside the forfeiture judgments. The court then denied petition-

er's motion for a new trial. Having perfected a Bill of Exception to each ruling of the court, the petitioner appealed to this Court.[1]

As amended by Act 411 of 1962, the Code of Criminal Procedure Articles provided:[2]

LSA–R.S. 15:108:

"(4) Any judgment forfeiting an appearance bond rendered under the provisions of this Section shall, at any time within sixty days after rendition be set aside upon the surrender, or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance."

LSA–R.S. 15:109:

"(1) No judgment decreeing the forfeiture of the appearance bond shall be rendered in case it shall be made to appear to the satisfaction of the court by the sworn statement of a reputable physician that the principal in such bond is prevented from attending by some physical disability.

"(2) No judgment decreeing the forfeiture of the appearance bond shall be rendered in case it shall be made to appear to the satisfaction of the court that the principal in such bond is prevented from attending due to the fact that he is being detained in a jail or in a penitentiary in another jurisdiction or is serving in the Armed Forces of the United States. * * * If * * * adequate proof is furnished within sixty days of forfeiture that the principal failed to appear *on date of forfeiture* for the reasons herein set forth said forfeiture shall be set aside." (Italics ours.)

LSA–R.S. 15:110:

"Formal surrender by the surety of the accused within the four walls of the prison of the parish or to the sheriff or his deputy, in open court, at any time prior to forfeiture or within sixty days of judgment of forfeiture, shall operate as a discharge or release of the surety from his responsibility and when such formal surrender is made the responsibility of the surety shall cease, and any judgment of forfeiture shall be set aside, whether or not the accused has been brought to final trial and conviction or acquittal. However, unless formal surrender of the accused has been made as provided in this paragraph, the appear-

---

1. Since a bail bond forfeiture proceeding is considered criminal for purposes of appellate jurisdiction, the appeal lies to this Court. See State v. Kunzler, 248 La. 133, 177 So.2d 112 and State v. United Bonding Ins. Co. of Indianapolis, Ind., 244 La. 716, 154 So.2d 374.

2. Act 220 of 1964 later amended these Articles to extend the period for setting aside a forfeiture from 60 days to 6 months. The 1964 Act is inapplicable to this case, because the delay for vacating the forfeiture had expired and the forfeiture hearing had been concluded prior to its enactment.

ance and answer of the accused, upon call made as provided for in the preceding Sections, shall not operate as a discharge or release of any surety from his responsibility until the final trial and conviction or acquittal of such accused."

The trial judge held that the evidence failed to satisfy the requirements for vacating the forfeiture judgments. We agree with this holding.

 The defendant did not appear or surrender in the trial court within the sixty-day period after the forfeiture. The surety's rights are governed by the provision of LSA–R.S. 15:109 relating to detention. Under this provision, the forfeiture judgment can be set aside only by a proceeding commenced within sixty days of the forfeiture. State v. Kunzler, 248 La. 133, 177 So.2d 112. In addition, proof must be made that the defendant failed to appear on the *date of forfeiture* because of such detention. The present case satisfies neither of these requirements. Hence, the forfeiture judgments must be sustained.

■ In the trial court, Stuyvesant attacked the constitutionality of LSA–R.S. 15:109 and 15:110. It contended the statute, as construed by the court, deprived it of its property without due process of law in violation of the state and federal constitutions. We find no merit in this attack. The statute accords to the surety reasonable grounds, as well as delays, to avoid a forfeiture. The liability arises from the bond, a contractual undertaking by which the surety bound itself.

For the reasons assigned, the judgment of the criminal district court for the Parish of Orleans is affirmed. All costs of court are assessed against the appellant.