ON MOTION TO DISMISS APPEAL
HOOD, Judge.
This is an appeal from a judgment ordering forfeiture of a criminal appearance bond. Defendants-appellants are United Bonding Insurance Company and Stephen J. Gennuso, sureties on the forfeited bail bond. The plaintiff-appellee, State of Louisiana, moved to dismiss the appeal, and that motion is before us now.
On August 8, 1968, William Howard Hudson, Jr., was arraigned on three felony charges and ordered to appear for trial on April 21, 1969. He failed to appear for trial as scheduled, and on motion of the District Attorney, the trial judge rendered a judgment of forfeiture in favor of the State of Louisiana and against United Bonding Insurance Company and Stephen J. Gennuso, sureties on the defendant’s bail bond, in the amount of $15,000.00. The sureties filed a motion for a new trial, but the motion was denied by judgment of the trial court rendered on February 3, 1971. Defendant sureties then moved for and were granted an appeal to this court. The State of Louisiana has moved to dismiss that appeal.
The State contends that a bail bond forfeiture proceeding is considered a criminal proceeding for the purposes of determining appellate jurisdiction, that this court thus lacks jurisdiction over the subject matter, and that an appeal in this case lies only to- the Supreme Court. Appellants argue that this proceeding, involving an appearance bond forfeiture, is civil in nature because it arises out of a contract under private signature between the surety for the accused and the state. They contend that the case is subject to all the procedural rules governing civil matters, and that this court is a court of proper appellate jurisdiction.
It is settled law that while an appearance bond forfeiture proceeding may be properly characterized as a civil proceed *399 ing, since it is predicated upon the civil liability which flows from a suretyship contract between a surety and the state, it is nevertheless considered a criminal proceeding for the purposes of determining appellate jurisdiction. An appeal from a judgment decreeing the forfeiture of a criminal bail bond, therefore, lies directly to the Supreme Court. LaConst. Art. 7, § 10 and 29; State v. Shelton, 227 La. 27, 78 So.2d 498 (1955); State v. United Bonding Insurance Company of Indianapolis, Ind., 244 La. 716, 154 So.2d 374 (1963); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965); State v. Watson, 249 La. 789, 191 So.2d 500 (1966); State v. Ledener, 253 La. 915, 221 So.2d 47 (1969).
In State v. United Bonding Ins. Co. of Indianapolis, Ind., supra, our Supreme Court clarified its earlier decision in State v. Shelton, supra, as follows:
“The only question considered by the court in the Shelton case was that of jurisdiction of the appeal from a judgment overruling a motion to set aside forfeiture of a bail bond, and the court there properly held that an appeal in a proceeding to forfeit a bail bond lies to the court having appellate jurisdiction of the criminal case. The authorities cited in that case, some of which we have cited here, recognize that such a proceeding is intrinsically civil, but that it is viewed in a different way in determining the question of jurisdiction and is treated as a criminal proceeding solely to determine jurisdiction.” (Emphasis supplied).
Later, in State v. Kunzler, supra, the same court said:
“ * * * as has been held on several occasions, proceedings involving appearance bond forfeitures are civil in nature, although considered criminal for appellate jurisdictional purposes only.” (citations omitted and emphasis added).
And, in State v. Watson, supra, the Supreme Court commented in a footnote that:
"Since a bail bond forfeiture proceeding is considered criminal for purposes of appellate jurisdiction, the appeal lies to this Court.” (citations omitted and emphasis added).
We conclude that the bond forfeiture proceeding involved here, although civil in nature, must be considered and treated as a criminal proceeding for appellate jurisdictional purposes, and that this court thus does not have appellate jurisdiction in the matter. The appeal taken by the defendant sureties, therefore, must be dismissed.
For the reasons assigned, the motion filed by the State of Louisiana to dismiss this appeal is granted, and the appeal is hereby dismissed. The costs of this appeal are assessed to defendants-appellants.
Appeal dismissed.