PER CURIAM.
This is an appeal by sureties from judgment ordering forfeiture of an appearance bond. La.R.S. 15:85-87(1966).
The appellants, Stephen Gennuso and United Bonding Insurance Company, are sureties for the defendant, William Howard Hudson, who was charged by three separate bills with unlawful possession and selling of marijuana. The defendant was released on appearance bonds signed by Stephen Gennuso and United Bonding Insurance Company.
The defendant, William Howard Hudson, appeared in court with his attorney on August 8, 1968 for arraignment. He pleaded not guilty to the three charges against him and on motion of the Assistant District Attorney his trial date was fixed for April 21, 1969. After having been duly notified to appear in open court on April 21, 1969 for the purpose of trial, the defendant failed to appear and answer when called.
The District Attorney for the Fourteenth Judicial District then moved that the $15,000.00 in appearance bonds be forfeited.
A judgment of appearance bond forfeiture was rendered and signed on April 21, 1969. The judgment recites that the surety had been notified to produce the defendant for trial on that date. The sureties filed an application for new trial on January 11, 1971, which the trial court denied on February 2, 1971 as untimely, as filed some twenty-one months after the judgment ordering forfeiture of the bond.
The sureties have appealed the bond forfeiture, alleging error was committed when the trial judge refused to grant a new trial. The application for new trial was based upon the allegation that the record is completely devoid of any evidence of service upon the surety. They contend their application for a new trial is timely, since no notice was given of the judgment of forfeiture of April 21, 1969. They claim this notice is required by La.C.Civ.P. art. 1913 governing civil proceedings generally.
We find their arguments lack merit. Louisiana Criminal Code article 337 regulating notice to sureties reads as follows:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, *560 date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.
As this article clearly indicates, if the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. The principal, William Howard Hudson, appeared at arraignment and at that time the proceeding against him was continued until the date set for trial. By article 337, no additional notice to the sureties was required.
The trial court judgment stating that the surety was given notice of the original date is presumed to be correct, in the absence of a showing to the contrary. State v. Ledener, 253 La. 915, 221 So.2d 47 .(1969). There is no such showing in the record.[1]
Under the facts and circumstances which we review in this record, we find no error in the denial of the application for a new trial, both on the merits and as untimely filed.
For the reasons assigned, the judgment of the trial court is affirmed.

. We were informed in argument that, in fact, the surety was present in court when the judgment of bond forfeiture was entered, and that he requested a warrant on that date.