ON MOTION TO DISMISS APPEAL
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
The defendant-appellee, the State of Louisiana, moves to dismiss the appeal of *493 the plaintiff-appellant, Stephen J. Gennuso d/b/a Professional Bonding Service, on the grounds that this court does not have appellate jurisdiction over the subject matter of this appeal.
We dismiss plaintiff-appellant’s appeal.
The pertinent facts, briefly stated, are as follows: On April 21, 1969, three bonds totaling $15,000.00 which had been underwritten by Stephen J. Gennuso d/b/a Professional Bonding Service, were forfeited when William Howard Hudson failed to appear for trial on that date. A judgment of forfeiture was signed on April 21, 1969, and on January 11, 1971 the defendant Stephen J. Gennuso filed an application for a new trial on the bond forfeiture. A hearing on the application for a new trial was held on February 2, 1971, and was denied as not being timely filed. The defendant first appealed to this court, which, on a Motion to Dismiss filed by the State, dismissed the appeal on the grounds that the Supreme Court has exclusive appellate jurisdiction over bail bond forfeiture proceedings. State v. Hudson, 247 So.2d 398 (La.App. 3rd Cir. 1971). The appellant subsequently appealed the denial of a new trial to the Louisiana Supreme Court, which affirmed the District Court’s decision forfeiting the bonds. State v. Hudson, 261 La. 555, 260 So.2d 621 (1972).
On April 26, 1971, the appellant filed the present suit to have the judgment of bond forfeiture declared null on the grounds that the plaintiff was not given written notice of the appearance date as required by LSA-C.Cr.P. art. 337. Trial was held on March 13, 1975, and judgment was rendered in favor of the State of Louisiana and against the plaintiff, and the plaintiff has perfected an appeal to this court.
It is well settled that while an appearance bond forfeiture proceeding may be properly characterized as a civil proceeding, since it is predicated upon the civil liability which flows from a suretyship contract between a surety and the state, it is nevertheless considered a criminal proceeding for the purposes of determining appellate jurisdiction. An appeal from a judgment decreeing the forfeiture of a criminal bail bond, therefore, lies directly to the Supreme Court. State v. Hudson, supra. See also State v. Shelton, 227 La. 27, 78 So.2d 498 (1955); State v. United Bonding Insurance Company of Indianapolis, Ind., 244 La. 716, 154 So.2d 374 (1963); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965); State v. Watson, 249 La. 789, 191 So.2d 500 (1966); State v. Ledener, 253 La. 915, 221 So.2d 47 (1969). While we can find no statute or jurisprudence dealing directly with an action to declare null a bail bond forfeiture judgment, it is only logical to conclude that if the Supreme Court has exclusive jurisdiction of a case dealing with a bail bond forfeiture it would also have exclusive appellate jurisdiction of a case attempting to declare null a bail bond forfeiture judgment.
For the reasons assigned the plaintiff-appellant’s appeal is hereby dismissed.
APPEAL DISMISSED.