339 So.2d 335 (1976)
Stephen J. GENNUSO, d/b/a Professional Bonding Service
v.
STATE of Louisiana.
No. 58137.
Supreme Court of Louisiana.
November 8, 1976.
*336 Gerald C. de Launay, Logan & de Launay, Lafayette, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for defendant-appellee.
MARCUS, Justice.
On April 26, 1971, Stephen J. Gennuso, d/b/a Professional Bonding Service, filed this suit to have a judgment dated April 21, 1969 decreeing the forfeiture of appearance bonds issued by plaintiff as surety declared null for lack of written notice of the time, date and place the accused was required to appear as mandated by La.Code Crim.P. art. 337 and for failure to comply with the procedure for forfeiting bail bonds set out in La.R.S. 15:85. The state waived its declinatory exception to the petition for nullity previously filed and filed an answer in the form of a general denial. After trial on the merits, the district judge rendered judgment in favor of defendant, dismissing plaintiff's suit. Plaintiff took an appeal to the court of appeal. On motion of defendant, the court of appeal initially dismissed plaintiff's appeal for lack of jurisdiction.[1] On rehearing, the court of appeal ordered the matter *337 transferred to this court[2] under the provisions of La.Code Civ.P. art. 2162.[3]
Initially, it should be noted that this matter was previously before this court. On January 11, 1971, some twenty-one months after the judgment of bond forfeiture (April 21, 1969), plaintiff filed a motion for a new trial which was denied by the trial court as untimely. Plaintiff appealed to this court, alleging that the trial judge erred in refusing to grant a new trial. The motion for new trial was grounded on the claim that the record was completely devoid of any evidence of service upon the surety. Plaintiff further contended that the motion for new trial was timely since no notice was given of the judgment of forfeiture of April 21, 1969 as required by La.Code Civ.P. art. 1913. We affirmed the ruling of the trial judge both on the merits and on the finding that the motion for new trial was untimely. State v. Hudson, 261 La. 555, 260 So.2d 621 (1972). The present action to have the judgment dated April 21, 1969 decreeing the forfeiture of bail bonds declared null was filed (April 26, 1971) pending an appeal from said judgment.[4]
In the present appeal, plaintiff first argues that at the time the instant bonds were executed, the trial date had been previously set by the trial court and that no notice of said trial date was ever transmitted to plaintiff. Therefore, when the accused failed to appear on the trial date and the bonds were ordered forfeited, it was done without proper notice to plaintiff as required by La.Code Crim.P. art. 337.[5] Plaintiff further contends that there was a failure to comply with the provisions of La.R.S. 15:85 reciting that a judgment decreeing the forfeiture of the bond shall not be rendered except "upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety."[6] Plaintiff argues that the minutes of court for April 21, 1969 reflect that, after defendant was called and did not appear, "on motion of District Attorney, Frank T. Salter, Jr., the Court ordered his bond forfeited and a bench warrant issued for his arrest." Therefore, since no evidence was submitted by the district attorney of service or attempted service upon defendant and service upon the *338 surety, there was a failure to comply with the provisions of La.R.S. 15:85.
Plaintiff argues that the judgment of April 21, 1969 ordering the forfeiture of the bonds should be annulled because of the above alleged vices either under La.Code Civ.P. art. 2002(2) or art. 2004.
If we were to consider plaintiff's demand for nullity as being grounded on alleged vices of form as set forth in La.Code Civ.P. art. 2002(2),[7] we must first consider the effect of the last paragraph of that article which provides:
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
Article 2003 provides:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
The judgment of April 21, 1969 was paid in full by plaintiff on October 31, 1969. Plaintiff admitted that he made no attempt to enjoin the enforcement of the judgment. Plaintiff argues that he did not voluntarily acquiesce in the judgment. Rather, payment was made to prevent his privilege of executing bonds in that court from being jeopardized. There is no merit to this contention. The evidence adduced at trial clearly supports the conclusion that payment was made and no action taken to enjoin the enforcement of the judgment not because of the jeopardy to plaintiff's bail bond business but rather because property had been posted as security, which plaintiff considered sufficient indemnification in the event of forfeiture. Subsequent bankruptcy proceedings thwarted this indemnification. Under the facts and circumstances of this case, the district judge correctly held that plaintiff was not entitled to urge the ground for nullity set out in article 2002. La.Code Civ.P. art. 2003.[8]
On the other hand, if we were to consider plaintiff's demand for nullity as grounded on alleged vices of substance, I.e., fraud or ill practices, the action of nullity must have been filed within one year of the discovery by the plaintiff of the fraud or ill practices. La.Code Civ.P. art. 2004.[9]
The burden of proving that an action of nullity is brought within one year of the discovery of the fraud or ill practice is upon the plaintiff. Emuy v. Farr, 125 La. 825, 51 So. 1003 (1910); Citizens' Bank v. Jeansonne, 120 La. 393, 45 So. 367 (1907); Succession of Dauphin, 112 La. 103, 36 So. 287 (1904); Thomas v. Beasley, 295 So.2d 213 (La.App.3d Cir. 1974); St. Mary v. St. Mary, 175 So.2d 893 (La.App.3d Cir. 1965). In the instant case, plaintiff neither alleged in his petition nor offered any proof at trial to show the time when he discovered the fraud or ill practice alleged as ground for the nullity sought. In any event, it is obvious that plaintiff must have known that the judgment of bond forfeiture had been rendered against him without proper notice when he paid the judgment in full on October 31, 1969. He did not bring this action of nullity until April 26, 1971, some eighteen *339 months later. Hence, plaintiff's action of nullity was correctly not considered under La.Code Civ.P. art. 2004.
In sum, plaintiff's demand for nullity of the judgment of April 21, 1969 decreeing the forfeiture of appearance bonds issued by plaintiff as surety was correctly denied by the district court. La.Code Civ.P. arts. 2002, 2003 and 2004.

DECREE
For the reasons assigned, the judgment of the district court is affirmed.
NOTES
[1] 332 So.2d 492.
[2] 332 So.2d 493.
[3] While an action to forfeit a bail bond is a civil proceeding and subject to the rules of civil procedure, it is treated as a criminal proceeding for the sole purpose of appellate jurisdiction. State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965); State v. United Bonding Ins. Co. of Indianapolis, Ind., 244 La. 716, 154 So.2d 374 (1963). Therefore, it logically follows that an action to declare null a judgment decreeing the forfeiture of a bail bond, while a civil proceeding subject to the rules of civil procedure, is criminal for the purpose of determining appellate jurisdiction. Hence, the matter was correctly transferred to this court by the court of appeal.
[4] La.Code Civ.P. art. 2005 provides in pertinent part:

A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
. . . . . .
[5] La.Code Crim.P. art. 337 provides:

When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date.
[6] The pertinent part of La.R.S. 15:85 states:

A. All bonds taken to secure the appearance of any person before any district court, otherwise than at a preliminary examination, shall be forfeited and collected as follows:
(1) If, at the time fixed for appearance, such person fails to appear and answer when called, the judge shall, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof.
[7] La.Code Civ.P. art. 2002(2) provides:

A final judgment shall be annulled if it is rendered:
. . . . .
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; . . . .
[8] This case differs factually from Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975) wherein this court held that under the peculiar facts of that case payments made on an invalid judgment in order to prevent the seizure of personal property under a writ of execution issued did not constitute voluntary acquiescence barring suit to annul judgment filed within eleven weeks after payments began.
[9] La.Code Civ.P. art. 2004 provides:

A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.