PRICE, Judge.
Plaintiff filed this mandamus action seeking an order directing the sheriff of Ouachi-ta Parish to accept appearance bonds written by him as agent for Cotton Belt Insurance Company. The trial court held it lacked jurisdiction to grant the relief sought and dismissed plaintiff’s petition. Plaintiff appeals. We note our own lack of jurisdiction and transfer the appeal to the Louisiana Supreme Court.
Plaintiff’s petition alleged that he has been licensed by the state and the city of Monroe to engage in the business of issuing bail bonds; that he is an authorized agent for the Cotton Belt Insurance Company, which is licensed and authorized to do business in Louisiana; and that the sheriff had issued a directive to his deputies to refuse *892 bonds furnished by plaintiff as agent for Cotton Belt. Plaintiff prayed that an order issue directing the sheriff and his agents to accept appearance bonds written by plaintiff as agent for Cotton Belt or show cause to the contrary. An alternative writ issued and although the sheriff did not file a written answer prior to the time fixed for hearing as required by La.C.C.P. Art. 3783, he did appear at the hearing with his attorney.
The trial court, on its own motion, held it did not have jurisdiction in a mandamus proceeding to grant the generalized relief sought and dismissed plaintiff’s petition without hearing evidence. The court found that the relief sought could not be granted absent an action on a specific bond which had been refused by the sheriff. Plaintiff sought writs in this court, which were refused, and subsequently appealed.
It is well settled that while an action to forfeit a bail bond is a civil proceeding and subject to the rules of civil procedure, it is treated as a criminal proceeding for the purpose of appellate jurisdiction. State v. United Bonding Insurance Co. of Indianapolis, Ind., 244 La. 716, 154 So.2d 374 (1963); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965); State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. Kaercher, 380 So.2d 1365 (La.1980). It is also settled that an action to annul a judgment of forfeiture is criminal for appellate purposes. Gennuso v. State, 339 So.2d 335 (La.1976); State v. Johnson, 342 So.2d 863 (La.1977).
Our review of the above cited authorities convinces us that appellate review of the judgment sought to be appealed lies with the Supreme Court. Although bail bonds are private contracts they are an integral part of the criminal justice system and all proceedings involving them have been considered merely incidental to the underlying criminal proceedings. See C.Cr.P. Arts. 311-343, State v. Armstrong, 364 So.2d 558 (La.1977); and the above cited authorities. Since the present case presents important questions concerning the sheriff’s duty to accept bail bonds and his authority to question their sufficiency; and since the resolution of these questions will necessarily have an impact on a criminal defendant’s right to bail upon posting the required security, we find review of this judgment should lie to the court with exclusive appellate jurisdiction in criminal cases.
For the foregoing reasons, the appeal is transferred to the Louisiana Supreme Court.