LEAR, Judge.
Appellant, Rockwood Insurance Company, is a commercial surety company providing bail bonds. Appellant sought declaratory relief in the trial court, challenging the *717 constitutional validity of LSA-R.S. 15:84, which regulates the forfeiture of bail bonds in city, parish and juvenile courts. Appellant contended that this statutory provision, which does not require that notice of a criminal defendant’s reassigned appearance date be given to the surety, and allows forfeiture in the absence of such notice, is violative of their procedural due process rights and is therefore unconstitutional. This case was decided by the trial court solely on the basis of a stipulation of fact (which is attached hereto as an appendix). The trial court found that the statutory provisions complained of by appellant are not constitutionally defective and dismissed appellant’s suit. This appeal results from that dismissal.
Appellant argues on appeal that its due process rights are violated by both the difference between the bond forfeiture procedures in district and city courts and by the failure to require that notice be given to a surety of the rescheduling of a defendant’s appearance date. We find that the trial court correctly addressed and answered both of appellant’s contentions in its lengthy and well-reasoned written reasons for judgment, which we quote in pertinent part, below:
“When the accused fails to appear initially, Rockwood argues that the statutory notice distinction between district courts (La. R.S. 15:85) and the courts of limited jurisdiction (La.R.S. 15:84) is ‘unconstitutional’. Rockwood acknowledges it was given actual notice of the time and date of the initial appearances (stipulation and original memorandum). Thus, the only question presented in this challenge is whether the state may constitutionally maintain a different forfeiture procedure in the courts of limited jurisdiction and district courts.
“La.R.S. 15:85 A (1) does not specify the type of notice the surety is to receive. It provides only that before the court orders forfeiture it considers ‘... proper evidence including service or attempted service upon the defendant and service upon the surety.’ La.R.S. 15:84 does not include a similar requirement in city, parish and juvenile courts.
“Rockwood has cited no authority for the proposition that bond forfeitures must be treated in the same manner in the courts of limited jurisdiction as in the district court. Since actual notice was received of the initial appearance date, no notice-due process question arises in this situation. The only question then is whether the state constitutionally may provide different statutory forfeiture procedures for the courts of limited jurisdiction. No citation is necessary for the fundamental proposition that statutes are presumed constitutional. Certainly the legislature has the authority to consider the more informal and anticipated more expeditious procedures of the courts of limited jurisdiction and acknowledge that the date for appearance in such proceedings may be set in a different manner than in district court with its broader subject matter jurisdiction. Rockwood has failed to show that the different manner of notifying the defendant and surety is other than completely rational in fostering a legitimate state interest. See e.g., Acorn v. City of New Orleans, 377 So.2d 1206 (La.1980). Much more extensive procedural differences exist with respect to ordinary civil proceedings in courts of limited jurisdiction. Compare C.Civ.P., Book II (Ordinary Proceedings) with Book VIII (Trial courts of Limited Jurisdiction).
“Moreover, it is not clear that service upon the surety is required in misdemeanor cases in district court. While La. R.S. 15:85 may be read to imply such notice, article 337 of the Code of Criminal Procedure, which unlike La. R.S. 15:85, deals expressly with notice, provides ‘when a bail bond does not fix the appearance date, and the presence of a person who has been released on bail in a felony case, his surety shall be given written notice . .. ’
“Official comment (c) explains, ‘(t)he notice requirement (initial appearance) is limited to felony cases, for it is not practicable to require two or three days prior written notice to the surety in misdemeanor cases, especially those tried in city courts .. . The appearance date for misdemeanor trials *718 will usually be fixed or available when the bail bond is given ... ’ (emphasis and parentheses added).
“Thus Rockwood’s argument fails on two independent grounds. First, the assumed distinction between notice procedure in the courts of limited jurisdiction and district courts is entirely rational and thus constitutional;. and second, there appears to be no express notice requirement for misdemeanors in district court.
“Rockwood similarly challenges the constitutionality of the lack of notice to the surety when the accused appears initially and the matter is reassigned to a subsequent date at which time the accused fails to appear. It objects to the absence of a requirement of notice of the reassignment.
“Rockwood’s assertion that it would get notice of the reassignment if the matter were in district court is untenable. Article 337 directly addresses the question of reassignments by providing, ‘If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date.’ The reason for the rule is set forth in official comment (e), ‘... the surety has full opportunity to easily determine the new date and protect his interests accordingly.’ Thus, there is no statutory requirement in district court or the courts of limited jurisdiction that the surety receive notice of reassignments.
“In State v. Hudson, [261 La. 555] 260 So.2d 621 (La.1972), the Supreme Court stated that article 337 ‘clearly indicates if the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance’ (260 So.2d at 623). The court found no error in the trial court’s actions forfeiting the bond.
“Rockwood additionally asserts that this failure to give notice of reassignment is constitutionally infirm by violating due process of law. A review of bail obligations and procedures is appropriate in addressing this contention.
“A central condition of the bail undertaking is ‘that the defendant will appear at all stages of the proceeding to answer the charge’ (C.Cr.P. art. 330). An authorized surety may act as surety for the accused (principal) to satisfy this bail obligation (C.Cr.P. art. 323). When an accused fails to appear and when statutory notice is given, the court may forfeit the bond. Both the surety and the agent must be given notice of the forfeiture within sixty days (La.R.S. 15:84, 15:85). The forfeiture may be set aside in the courts of limited jurisdiction within any time prior to ‘collection’ (La.R.S. 15:84 (a)(3)) and in district courts within six months (La.R.S. 15:85 B). During the period of time both before and after forfeiture the surety is accorded the right to arrest and ‘surrender’ the accused principal (C.Cr.P. arts. 340, 339), and be relieved of the surety obligation. In addition, the surety is protected from forfeiture when the principal is prevented from appearing because of illness or incarceration (La.R.S. 15:87).
“In light of the nature of the relationship of the commercial surety to a judicial proceeding, a contractual relationship in which the surety for a fee voluntarily enters the proceeding with knowledge through article 337 that it is not entitled to actual notice of reassignment, it hardly is in the same due process-notice posture of a civil defendant against whom a civil action is instituted. The surety is informed at the outset when it voluntarily enters the judicial proceeding of the consequences of the breach of the bail undertaking by the principal. The surety is not in a position analogous to the known beneficiary of a trust as to whom no steps are taken to notify of the institution of an action affecting his property (Mullane v. Central Hanover Bank and Trust, 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865] (1950)). Neither is it in an analogous position to that of a defendant subject to pre-judgment seizure of wages with no quick remedy to correct error (Sniadach v. Family Finance Corp., 395 U.S. 337 [89 S.Ct. 1820, 23 L.Ed.2d 349] (1969)), nor to a defendant subject to prejudgment seizure of movables by replevin instituted by a clerk, (Fuentis v. *719 Shevin, 406 [407] U.S. 67 [92 S.Ct. 1983, 32 L.Ed.2d 556] (1972)). Compare Mitchell v. W. T. Grant, 416 U.S. 600 [94 S.Ct. 1895, 40 L.Ed.2d 406] (1974) (holding Louisiana sequestration constitutional); Buckner v. Carmack, [272] 270 So.2d 326 (La.1973), appeal dismissed [417 U.S. 901] 94 S.Ct. 2594 [41 L.Ed.2d 207] (1974), and Hood Motor Co. v. Lawrence, 320 So.2d 111 ([La.] 1975) (upholding Louisiana executory process) and D. H. Overmyer Co. v. Frick, 405 U.S. 174 [92 S.Ct. 775, 31 L.Ed.2d 124] (1972) (cognovit note authorizing entry of judgment without service of process or notice not per se viola-tive of due process requirement of prejudgment notice).
“The surety in Louisiana is given substantial ability to defend its interest: the surety has notice of the initial appearance and can easily determine from the public records whether the principal appeared or the matter was continued; the surety as well as its agent, is given notice of the forfeiture; the surety is given the extraordinary right to arrest and surrender the principal before or after forfeiture; the surety until either collection of the forfeiture or six months may set aside the forfeiture; and finally the commercial surety voluntarily and for profit, enters á judicial proceeding with knowledge of the nature of the bail undertaking.
“The bail undertaking and forfeiture is fundamentally difference from an ordinary civil matter insofar as constitutional due process protection. The surety in effect voluntarily intervenes in an ongoing judicial proceeding. Once a proceeding has been commenced there is no constitutional requirement that parties receive notice of every event detrimental to them. For example, .the civil defendant receives citation and service (C.Civ.P. art. 1701) which cuts off significant dilatory and declinatory objections (C.Civ.P. art. 928) or of the time for confirmation of the default (C.Civ.P. art. 1702). The defendant does not even get notice that a judgment has been obtained against him, if service of citation was personal (C.Civ.P. art. 1913) thus resulting in the running of time for a motion for a new trial (C.Civ.P. art. 1974) and appeal (C.Civ.P. arts. 2087, 2123) without notice. Clearly once a party has been brought into a proceeding either voluntarily as here or by citation as in an ordinary proceeding, due process does not require that notice of every event which may, as a practical or legal matter, prejudice a party be required. Rockwood has cited no authority in support of such a proposition.
“The federal courts which have considered the question of whether a surety must get actual notice of a reassignment have found no such right. See e.g., Williams v. United States, 444 F.2d 742 (10th Cir. 1971); Babb v. United States, 414 F.2d 710 [719] (9th Cir. 1968); Western Surety v. United States, 51 F.2d 470 (9th Cir. 1931); National Surety Co. v. United States, 29 F.2d 92 (9th Cir. 1928); Cf. State v. Johnson, 342 So.2d 863 (La.1977) (accepting the same rationale as the federal courts as to the nature of the bond obligation.)”
For the foregoing reasons, the judgment of the trial court dismissing plaintiff-appellant’s suit, is hereby affirmed. All costs, both at trial and on appeal, are to be paid by appellant.
AFFIRMED.
A P P E N D I X

*720 STIPULATION OF FACTS
ROCKWOOD INSURANCE COMPANY, represented by LEWIS O. UNGLESBY, the City of Baton Rouge, represented by Samuel R. Cicero, and State of Louisiana, represented by David E. Henderson, enter into the following stipulation of facts as regards the lawsuit between the parties:
ROCKWOOD INSURANCE COMPANY is authorized to do and doing business in the State of Louisiana. ROCKWOOD writes certain bail bonds for court appearances in the City Court of Baton Rouge. The Rules of these bonds are governed by Title 15, Section 84 of the Revised Statutes of the State of Louisiana. ROCKWOOD writes bonds that fall into two categories.
The categories of bonds before the Court are as follows:
1.
Certain bonds issued at the time of arrest and upon execution of the bond. A date certain is set by the City ordering the accused to appear before the Court at a time and place set on the release affidavit.
2.
Bonds written at the time of the accused’s release and a date certain given. The accused appears in Court on that date and makes its appearance known and it is noted in. the minutes and records of the Court. However, for many reasons, none of which are controlled by ROCKWOOD, the matter is rescheduled.
In situation two above, wherein the accused is ordered to appear on date certain, does appear, and is then rescheduled by the Court, ROCKWOOD is not notified of the new date. No new notice is sent to ROCK-WOOD regardless of the reason for the reappearance. When the individual fails to appear again at the rescheduled time, which is not necessarily limited to a single reappearance, but may be several appearances before he finally ceases to appear, ROCK-WOOD is never notified and the bond is forfeited.