JiBROWN, Judge.
This is a bond forfeiture case. Appellant, Allen Partner Bail Bonds and International Fidelity Insurance Company (“Allen Partner Bail Bonds”), appeals from the trial court’s judgment denying its motion to set aside a judgment of forfeiture of a $9,723 surety bond made on behalf of defendant, Carolyn Ruth Page. We affirm for the following reasons.

Facts

On February 21, 1992, Allen Partner Bail Bonds made a surety bond in the amount of $9,723 on behalf of Carolyn Ruth Page, who was charged with several criminal offenses in Bossier Parish, Louisiana.[1]
Ms. Page appeared with counsel for her preliminary hearing on March 10, 1992. However, she failed to appear in the trial court for arraignment on July 13, 1992. On that date, the trial court rendered judgment forfeiting Ms. Page’s surety bond and issued a bench warrant for her arrest. On July 16, 1992, notice of the judgment of forfeiture was mailed to Allen Partner Bail Bonds pursuant to LSA-R.S. 15:85. Upon receiving notice of the judgment of forfeiture, appellant began searching for Ms. Page so that she could be surrendered to Bossier Parish authorities.
Carolyn Page was eventually found in the Nacogdoches County, Texas, jail, where she had been incarcerated since September 4, 1992. According to appellant, the State of Louisiana, through the Bossier Parish District Attorney’s office, was immediately notified of Ms. Page’s Texas incarceration. The Bossier Parish Sheriffs office faxed a detain-er to the Nacogdoches County jail on September 22, 1992, notifying them of the outstanding bench warrant for Ms-JjPage in Bossier Parish. This “hold” was necessary because the Nacogdoches County jail would not release Ms. Page until completion of her Texas sentence.
Upon her release from the Nacogdoches County jail on February 2, 1993, Carolyn Page was transported to the Bossier Parish jail. Ms. Page appeared in court with counsel on February 5, 1993, and entered a plea of not guilty to the charges against her.[2]
On April 23, 1993, Allen Partner Bail Bonds filed a motion to set aside the bond forfeiture. This motion was denied on May 4, 1993, and judgment to that effect was signed on May 26, 1993. Appellant filed a motion for new trial, which was denied by the trial court on September 14, 1993.
Allen Partner Bail Bonds appeals, asserting that the trial court erred in failing to set aside the bond forfeiture.

Discussion

Appellant, Allen Partner Bail Bonds, claims that within sixty days of issuance of the notice of judgment of bond forfeiture, they contacted the Bossier Parish District Attorney’s office, stating that Carolyn Page was incarcerated in Texas.[3] They argue that *890 this incarceration made it impossible for appellant to produce Ms. Page and was therefore a defense to bond forfeiture and collection.
We disagree. At the time of the bond forfeiture, LSA-R.S. 15:85(A)(2) provided for a sixty day period from the mailing of notice of the judgment within which time challenges to forfeiture of a bond are to be asserted. Such challenges Lmust necessarily be presented in court. Thus, a defense to the forfeiture and collection of the bond must have been made in a judicial proceeding commenced within the prescribed sixty days. State v. Kunzler, 177 So.2d 112 (La.1965). In the instant case, appellant’s motion to set aside the judgment of forfeiture was not filed until April 23, 1993, nine months after notice of the forfeiture judgment was sent to appellant. As was the case in State v. Bush, 604 So.2d 1383 (La.App.2d Cir.1992), appellant’s challenge is untimely.
LSA-R.S. 15:85(A)(3) is not applicable because Ms. Page was not surrendered nor did she appear within six months of notice of judgment of forfeiture.[4] Likewise, LSA-R.S. 15:87(B) is inapplicable because Ms. Page was not detained in jail on her scheduled appearance date, July 13, 1992.[5]
Ms. Page was not jailed in Texas until September 4, 1992. We also note that the Bossier Parish sheriff did not place a “hold” on Ms. Page until September 22, 1992, which was beyond the sixty day period provided for by LSA-R.S. 15:85. Even if the district attorney’s office was contacted by appellant, we have no information regarding the date of such communication.[6]

CONCLUSION

Ms. Page was not in jail in Texas on the date she failed to appear for her arraignment in Bossier Parish. Furthermore, she was neither surrendered nor did [4she appear within six months of the mailing of the notice of bond forfeiture. Thus, appellant was relegated to asserting its defense to the forfeiture within sixty days of the mailing of notice in any judicial proceeding. The trial court’s judgment denying appellant’s motion to set aside the forfeiture is affirmed at appellant’s cost.
AFFIRMED.

. Ms. Page was charged by bill of information with violations of LSA-R.S. 14:56 (simple criminal damage to property); LSA-R.S. 14:95 (possession of a concealed weapon); and LSA-R.S. 40:967(C) (possession of cocaine).

. On December 14, 1993, Ms. Page pled guilty to an amended charge of attempted possession of a controlled dangerous substance and was sentenced to two years at hard labor. Ms. Page’s Louisiana sentence was ordered to run consecutively with her Texas sentence and she was given credit for timed served.

.No evidence or testimony was presented to support this claim. The District Attorney’s office stated that it could not find anyone in its office who remembered such a call. We note, howev *890 er, that the Bossier Parish sheriff did place a hold on Ms. Page.

. Prior to its amendment in 1993, LSA-R.S. 15:85(A)(3) provided for the setting aside of a judgment of bond forfeiture upon the surrender or appearance of the defendant within six months after the mailing of notice.

. LSA-R.S. 15:87(B), prior to the 1993 amendment, provided that no judgment of forfeiture would be rendered when defendant was prevented from appearing because of detention in a jail or penitentiary in another jurisdiction.

.Although inapplicable in the instant case, we note that LSA-R.S. 15:87(B) requires institution of a judicial proceeding within six months of mailing of notice of forfeiture to set aside a forfeiture judgment on the grounds that the defendant was incarcerated in another jurisdiction on the date set for her appearance. Contacting the district attorney or sheriff is inadequate.