PER CURIAM.
We granted writs to consider whether a timely filed motion to set aside a judgment of bond forfeiture should be defeated solely because the supporting evidence was not produced within the six month period prescribed by law. Finding that the timely commencement of proceedings to vacate the judgment satisfied the time limitation, we reverse the denial of the motion.
On January 29, 1979, relator David West and three other men were arrested in DeSo-to Parish on charges of conspiracy to distribute marijuana, La.R.S. 40:979, and possession of marijuana with intent to distribute, La.R.S. 40:967; and relator’s bond was set in the amount of $75,000. On January 31st the Guillory Bonding Service posted the bond. When relator failed to appear for arraignment on February 21, 1979, the court ordered bond forfeited, over the objections of defense counsel who was present.
On March 2, 1979, counsel filed motions to set aside the bond forfeiture and to compel relator’s extradition from a federal penitentiary in Yuma, Arizona where he was then incarcerated. It was alleged that he had been held in federal custody since before his arraignment date and had been unable to appear through no fault of his own. The matter was taken up with various other motions on March 23, 1979. Despite counsel’s requests that relator be extradited for the hearing, he was not present, the state asserting lack of jurisdiction to extradite him. Because counsel required relator’s assistance on the pending motions, the hearing was rescheduled for May 25, 1979, by which time the court felt relator could be returned to Louisiana. Although counsel pressed for an immediate annulment of the bond forfeiture order, the court set the matter for hearing with the other motions because the prosecutor refused to concede that relator had been in federal custody at the time of arraignment.
On its own motion the trial court continued the May 25th hearing without date. On July 26, 1979, counsel repeated his motion to recall the bond forfeiture order, reasserting relator’s inability to attend the arraignment because of his continuous federal incarceration. This motion was urged together with other pretrial motions at a hearing on August 22, 1979, for which relator had been returned.
Counsel submitted an affidavit from a United States Marshal indicating that relator had been in federal custody from February 1, 1979 to March 9, 1979 and thus explaining his failure to appear for arraignment on February 21st. In the court’s view, relator had established a “non-forfeiture situation” under La.R.S. 15:87(B), which excuses the nonappearance of a principal “prevented from [appearing] because he is being detained in a jail or in a penitentiary in another jurisdiction . . . ” However, the court ruled that relator’s proof had come too late to win relief, because it had fallen two days on the wrong side of the six month deadline (from the time of forfeiture) established by La.R.S. *786 15:87(B). It found that there had been “no reason shown why the documents tendered in court today could not have previously been tendered within the six month period.”
Although relator was not prevented from presenting his evidence within the period of limitation, neither was he required to do so, having timely filed and vigorously urged his motion early in the proceedings. From the outset, counsel resisted the bond forfeiture and made known to the court the facts warranting an annulment of the judgment. By commencing proceedings to set aside the forfeiture well within the six month period, counsel earned a reasonable extension of the deadline for producing his evidence. Cf. State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965). His acquiescence in the continuances of the hearing could not fairly operate to defeat his meritorious claim.
Because the trial court was satisfied that relator’s detention excused his failure to appear for arraignment, the order of bond forfeiture is set aside.
REVERSED.