627 So.2d 761 (1993)
STATE of Louisiana, Appellant,
v.
Glen D. McCART.
No. 25,324-CA.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1993.
Rehearing Denied January 13, 1994.
*762 Richard P. Ieyoub, Atty. Gen., Nancy F. Gilliland, Asst. Atty. Gen., Baton Rouge, for appellant.
Smith, Martin & Schneider by Graymond F. Martin, New Orleans, for appellee, Ranger Ins. Co.
Before HIGHTOWER, VICTORY and WILLIAMS, JJ.
*763 WILLIAMS, Judge.
The State of Louisiana appeals the trial court's denial of its motion for bond forfeiture. The state complains, in the alternative, that the trial court erred in denying its motion for a new trial. We affirm.

FACTS
Glen D. McCart was indicted by a Ouachita Parish grand jury on July 18, 1990 for eighteen counts of state securities law violations under LSA-R.S. 51:712 and one count of conspiracy to defraud another in the sale of securities under LSA-R.S. 14:26, 51:712. McCart was released after posting appearance bonds in the amount of $200,000, issued by Ranger Insurance Company through its agent, Ron Adcock Bonding Company.
On February 25, 1991, the Ouachita Parish District Attorney's Office was recused, and the case was transferred to the Office of the Attorney General. The Ouachita Parish District Attorney's Office issued an order fixing McCart's case for trial on September 16, 1991. Notice of the trial date was sent to McCart; however, neither the bondsman, the insurance company nor the attorney general's office were notified.
On September 16, 1991, neither McCart, his bondsman nor a representative of the attorney general's office appeared for the trial. An assistant district attorney reserved the attorney general's right to take a judgment of bond forfeiture at a later date. There was no bond forfeiture hearing.
No action was taken on this case for approximately eleven months. The state then set a bond forfeiture hearing for August 10, 1992. Notice of the bond forfeiture hearing was sent to the bondsman and the surety company by certified mail, return receipt requested. The state made an unsuccessful attempt to personally serve McCart at his last known address.
McCart failed to appear at the August 10, 1992 bond forfeiture hearing. At the close of the evidence, the trial court denied the state's motion for bond forfeiture. The trial court reasoned that the state's delay in notifying the surety of McCart's failure to appear on September 16, 1991 deprived the surety of any reasonable opportunity to locate and surrender the defendant. The trial court subsequently denied the state's motion for a new trial. The state appealed.

DISCUSSION
The state argues notice, as required by LSA-C.Cr.P. Art. 337, was given, consequently, under LSA-R.S. 15:85, the trial court should have entered judgment decreeing the forfeiture of the bond against the defendant and his sureties. Also, the state argues that according to LSA-C.Cr.P. Art. 330(A), the defendant must appear at all stages of the proceedings as a condition of the bail undertaking.
When a party posts an appearance bond, a suretyship agreement with the state is created. This agreement creates a civil contract based on an act under private signature, breach of which will lead to a money judgment against the surety. State v. Shief, 534 So.2d 513 (La.App. 5th Cir.1988).
Generally, a surety underwriting a bond guarantees that a defendant will be present at each stage of the proceedings, that he will submit to the orders of the court, and that he will not leave the state without the permission of the Court. LSA-C.Cr.P. Art. 330(A) provides:
Except as provided in Paragraph B, the condition of the bail undertaking in district, juvenile, parish, and city courts shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he may be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without written permission of the court. The bail obligation shall run, subject to the provisions of Article 626, in favor of the state of Louisiana, or the city or parish whose ordinance is charged to have been violated, with the proceeds to be disposed of according to law. No error, inaccuracy, or omission in naming the obligee on the bond is a defense to an action thereon.
The procedure for the forfeiture of bonds in the district court is outlined in LSA-R.S. *764 15:85[1] and the requisite notice of appearance dates is outlined in LSA-C.Cr.P. Art. 337.[2]
This Court seriously questions the procedure utilized by the state in reference to the August 10, 1992 fixing. Approximately twenty days in advance thereof, the state simply moved for and secured an order fixing "a bond forfeiture hearing." No arraignment, trial, motions, nor any other action leading to a final disposition of the matter had been scheduled for August 10, 1992. The state conceded during argument that it merely sought to determine if the defendant would appear. It further conceded that, had the defendant appeared on that date, no other proceedings would have occurred.
This Court does not view the testing of the defendant's willingness to appear as a "stage of the proceedings" encompassed within the bail undertaking referred to in LSA-C.Cr.P. Art. 330. Otherwise, the state could periodically elect to notice every bonded defendant into court, just to see if he would appear. Such a procedure is not included within the statutes governing the bail undertaking. The trial court correctly refused to grant a judgment of bond forfeiture under the facts of this case.
The surety agrees with the trial court's denial of the bond forfeiture and its denial of the state's motion for a new trial. *765 It argues, however, that the state's failure to notify the surety within six months of the defendant's failure to appear on September 16, 1991 released the surety from all obligations under the bond. We disagree.
As noted above, the state did not seek a bond forfeiture or take any adverse action against the defendant when he failed to appear on September 16, 1991. The bond forfeiture at issue arose from the August 10, 1992 fixing. The surety presents an erroneous interpretation of LSA-R.S. 15:85. There is no legislative mandate that the state move to forfeit a bond or that the court automatically forfeit every bond when a defendant fails to appear after receipt of notice. The statute clearly provides that the court shall forfeit the bond upon motion of the district attorney. If the state makes the motion to forfeit the bond and a bond forfeiture hearing takes place, then the court must strictly comply with the procedure outlined in LSA-C.Cr.P. Art. 337 and LSA-R.S. 15:85. However, if the state does not desire to forfeit the bond, then it is not required to do so. Consequently, the state is not required to give the surety notice of defendant's non-appearance when the state does not elect to forfeit the defendant's bond.
Here, since the state did not notify the defendant to appear on August 10, 1992 for a particular stage in the proceedings, the defendant's non-appearance on August 10, 1992 could not be used to obtain a judgment of bond forfeiture.
The state argues, alternatively, that the trial court should have granted the motion for a new trial. It contends the judgment is contrary to the law and the evidence and that it submitted proof that the surety had notice of defendant's non-appearance on September 16, 1991.
The state argues that the sureties had notice the defendant had absconded and was a fugitive when he failed to appear earlier for criminal court dates fixed in several other parishes. It claims that since the surety in the instant case furnished the defendant's bond in the cases pending in the other parishes, and since those bonds had been forfeited months before the September 16, 1991 appearance date, the surety was already diligently searching for the defendant and could not claim that it was deprived of notice and a reasonable opportunity to locate the defendant.
The record before us is devoid of any evidence to support this argument. Even if we were to accept these assertions by the state, its argument would nonetheless fail.
Before a judgment of forfeiture may be entered, the state must strictly comply with the provisions of LSA-C.Cr.P. Art. 337 and LSA-R.S. 15:85. The independent knowledge of the defendant or surety is of no moment. The state failed to follow the statutory procedure required to obtain a judgment of bond forfeiture. The trial court properly denied the state's motion for a new trial.

CONCLUSION
For the foregoing reasons, the judgment of the trial court denying the motion for judgment of bond forfeiture and the motion for a new trial is affirmed. Costs are assessed to the state to the extent allowed by law.
AFFIRMED.
VICTORY, J., dissents with written reasons.
VICTORY, Judge, dissenting.
I cannot agree with the majority's conclusion that the State is not entitled to a judgment of forfeiture in this case due to the defendant's nonappearance on August 10, 1992. On motion of the State, the defendant was ordered to be in court on that date, but failed to appear. There is no indication that the State had the defendant ordered into court on a whim or was attempting to harass him. Although the September 16, 1991 proceedings were invalid, the defendant had previously failed to appear on that date despite proper notice. Thus, the State was aware of the defendant's previous failure to appear and was within its rights to ask the court to order the defendant to appear on August 10, 1992. In my view, this court-ordered appearance on August 10, 1992, was a stage of the proceedings in accordance with Code of Criminal Procedure Article 330. (The surety *766 in this case has not contended otherwise, but has argued the State cannot obtain a judgment of bond forfeiture because the State did not advise it of defendant's failure to appear on September 16, 1991.)
I would reverse the judgment of the trial court and enter judgment in favor of the State.

APPLICATION FOR REHEARING
Before HIGHTOWER, VICTORY, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.
NOTES
[1] LSA-R.S. 15:85 provides in pertinent part:

Forfeiture before district court; procedure
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) "Notice to the defendant," for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant's surety.
(2)(a) If within twenty-four hours after the rendition, under the provision of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within six months of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. A sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this Subsection, or R.S. 15:87.
[2] LSA-C.Cr.P. Art. 337 provides:

Notice to surety of time and place of appearance
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date.