liWOODABD, Judge.
American Bonding Company brought a nullity action to set aside two appearance bond forfeiture judgments. The district court held that the action was not brought timely. Petitioner appeals. For the following reasons, we affirm.
FACTS
The defendant, Scott J. Molitor, was charged with theft in violation of La.R.S. 14:67. On August 20, 1992, Molitor and American Bonding Company (American) provided two appearance bonds to obtain Molitor’s release from custody pending resolution of criminal proceedings. On November 10, 1992, Molitor appeared in court for his arraignment and plead not guilty. No further appearance date was set at that time.
On June 9,1993, notice of a pre-trial hearing set for June 21, 1993, and trial set for July 26, 1993, was mailed to Molitor at the Harrison County Detention Center in Gulf-port, Mississippi. On June 19, 1993, Molitor notified the Lafayette Parish Sheriffs Department that he would be unable to attend court in Lafayette due to his incarceration in Mississippi.
Molitor failed to appear at the pre-trial hearing on June 21,1993, and the trial court ordered the bonds forfeited and issued a fugitive warrant for Molitor’s arrest. Judgments of the forfeitures were signed July 1, 1993. Notices of the forfeitures were hmailed to the bail bondsman on July 8,1993, and to the surety on July 9,1993. American subsequently paid the bond forfeitures and the judgments were canceled.
On July 13, 1994, American petitioned to nullify the bond forfeiture judgments and a motion to set the judgments aside. Argument was held on September 15, 1994, and the trial court denied American’s petition and motion. American appeals.
LAW
In 1993, La.R.S. 15:87, the law governing the setting aside of bond forfeitures, was amended, effective on June 22, 1993. Since the trial court ordered the bonds forfeited on June 21, 1993, the law in effect prior to June 22, 1993, governs the instant ease. State v. Davis, 95-408 (La.App. 3 Cir. 10/4/95); 663 So.2d 386. Thus, we find that the trial court erred as a matter of law in applying the revised La.R.S. 15:87. However, for the following reasons, we affirm.
Under the law in effect prior to June 22, 1993, in order to set aside a forfeiture of an appearance bond, a surety company had six months from the mailing of notice to furnish proof that the principal in the bond was prevented from attending because he was being detained in a jail in another jurisdiction. La.R.S. 15:87(B). This statute has been intexpreted as meaning that the surety had six months from the mailing of notice of forfeiture to institute proceedings to set aside the forfeiture. See State v. West, 384 So.2d 784 (La.1980); State v. Kunzler, 248 La. 133, 177 So.2d. 112 (La.1965).
In the case sub judice, the notices of the forfeitures were mailed to American on July 9, 1993. The record reflects that American failed to bring proceedings to set aside or to nullify the bond forfeiture judgments until July 13, 1994, more than a year after the notices were mailed. Thus, as American failed to institute proceedings within the prescribed time, its suit to have the forfeitures declared null and to have them set aside has come too late.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. The costs of this appeal are taxed to the movant-appellant, American Bonding Company.
AFFIRMED.