I, PER CURIAM: *
Granted. The decision of the trial court setting aside the judgment of bond forfeiture is vacated, the judgment of bond forfeiture entered on April 2, 1998, is reinstated, and the case is remanded to the district court for further proceedings. Although a duplicate minute entry was prepared by the Section D minute clerk, dated October 13, 1998, which states that defendant appeared in open court, strong cir *1080 cumstantial evidence, including the defense pleading seeking to set aside the judgment of bond forfeiture on grounds other than the defendant’s appearance in court within six months of that judgment, supports a second minute entry for October 13, 1998, indicating that only counsel for the defendant appeared in court for purposes of moving to set aside the bond forfeiture. The evidence thus supports a finding that defendant was in fact not present on the last date he could have legally been surrendered to relieve the surety of any obligation under the bond. La:R.S. 15:85(10) (“Any judgment forfeiting the appearance bond ... shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant.”). The trial judge apparently believed that defendant was timely surrendered when he set aside the judgment of bond forfeiture. | ¡¿However, the defendant was not arrested, under the authority of a warrant issued April 2, 1998, the date of bond forfeiture, until October 30, 1998, 16 days after the expiration of the surrender period. ' The defendant’s arrest therefore •did not operate as satisfaction of an otherwise properly noticed judgment of bond forfeiture provided the surety in compliance with La.R.S. 15:85(3)(a).

 Knoll, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.