827 So.2d 1180 (2002)
STATE of Louisiana, Plaintiff-Appellee
v.
Aaron RICE (Bankers Insurance Company, Surety), Defendant-Appellant.
No. 36,401-CA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*1181 Kenneth J. Beck, Harvey, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Earl Cox, Cynthia P. Lavespere, Assistant District Attorneys, for Appellee.
Before PEATROSS, KOSTELKA & DREW, JJ.
PEATROSS, J.
This appeal arises from both the trial court's judgment denying Bankers Insurance Company's ("Bankers") motion for an extension of time to bring Defendant, Aaron Rice ("Rice"), to court and its "motion to set aside the bond forfeiture judgment and petition for nullity of judgment." Bankers now appeals. For the reasons stated herein, we affirm.

FACTS
Bankers became involved in this matter on February 15, 2001, when it issued a $20,000 bond to secure Rice's appearance in Ouachita Parish District Court. Rice was to appear in court for violation of his probation. He appeared in court on March 14, 2001, but failed to appear in court on April 25, 2001, and the trial court issued a bench warrant for his arrest.
On June 6, 2001, the trial court signed a judgment ordering that Rice's $20,000 bond be forfeited to the State. The clerk of court mailed notice of the bond forfeiture to Bankers on June 8, 2001.[1] Under La. R.S. 15:85(10), Bankers had six months from the day the notice of bond forfeiture was mailed to produce Defendant in court.[2] Two days before the six-month period for producing Defendant in court was about to expire, Bankers filed a motion for an extension of time within which to bring Rice to court and to be relieved of its bond obligation. Bankers asserted that its bail agents had tracked Rice to Canada and that arrangements were being made to have him returned to Ouachita Parish. The State made an ex parte motion to dismiss Bankers' motion; and, on December 18, 2001, the trial court, finding no basis in law for such an extension, granted the State's motion to dismiss Bankers' motion for an extension of time.
On January 22, 2002, Bankers filed a "motion to set aside judgment of bond forfeiture and petition for nullity of judgment." This motion and petition were based on the fact that Rice had surrendered himself and had been in custody in the Morehouse Parish Jail since January 8, 2002. On January 28, 2002, Bankers also filed a motion to reconsider the denial of *1182 its motion for extension of time. The State then filed a motion to dismiss on the grounds that Bankers' motions were untimely. On January 31, 2002, the trial court dismissed Bankers'"motion to set aside the judgment of bond forfeiture and petition for nullity of judgment." On February 19, 2002, the trial court heard Bankers' motion to reconsider the denial of its motion for extension of time to bring Rice to court. The trial court denied this motion and Bankers now appeals.
On appeal, Bankers raises the following assignments of error:
1. The trial court erred in denying the motion for extension of time to bring Aaron Rice to court and
2. the trial court erred in denying the "motion to set aside judgment of bond forfeiture and petition for nullity of judgment."

DISCUSSION
Bankers urges on appeal that the trial court erred by refusing to grant an extension of time for Bankers to produce Rice in court and further erred by refusing to set aside the judgment of bond forfeiture. Bond forfeitures are not favored; and, before a judgment of forfeiture may be entered, the state must comply strictly with pertinent forfeiture provisions. See State v. Salgologo, 491 So.2d 361 (La. 1986); State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La.1980).
La. R.S. 15:85 provides, in part:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(3) Notice of judgment. (a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all of the following:
* * *
(iv) The commercial sureties....
* * *
(5) ... The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
* * *
(7) Enforcement and collection of judgment. No judgment of bond forfeiture rendered on or after August 15, 1997, shall be enforced or collected until ten days after the expiration of six months after the mailing of proper notice of the signing of the judgment of bond forfeiture. The timely filing of a suspensive appeal shall suspend the enforcement or collection of the judgment of the bond forfeiture. In addition, the court may provide by court rule for the filing of an offset claim against the principal with *1183 the secretary of the Department of Revenue, in accordance with R.S. 47:299.1 through 299.20. If after six months and ten days from the mailing of proper notice of the signing of the judgment, a judgment of bond forfeiture against a commercial surety company has not been suspensively appealed nor satisfied or proceedings challenging the bond forfeiture have not been timely filed, the prosecuting attorney may either file a rule to show cause with the commissioner of insurance in accordance with R.S. 22:658.1 or collect the judgment in the same manner as a civil judgment.
* * *
(9) Nullity actions. Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
(10) Satisfaction of judgment of bond forfeiture. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. The appearance of the defendant shall operate as a satisfaction of the judgment and the surrender shall operate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within ten days after the expiration of the six-month period provided to surrender the defendant, be fully satisfied by the payment of the amount of the bail obligation without incurring any interest, costs, or fees.
La. R.S. 15:87 provides:
A. No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
B. A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.
C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.
In the case sub judice, the clerk of court mailed notice of the bond forfeiture judgment to Bankers on June 8, 2001. Bankers argues that, since its December 6, 2001 request for an extension of time was filed within six months of the mailing of notice, the court not only had the authority to grant, but also should have granted an extension of time in order for Bankers' bail agents to apprehend Rice and return him to Louisiana. Bankers urges that the statute *1184 is silent on the authority of the trial court to grant such an extension and argues that the general principles of criminal procedure, including La.C.Cr.P. arts. 2 and 3, suggest that the trial court is empowered to extend the six-month delay period in La. R.S. 15:85.
We find that the law is not silent in the instant case. Under La. R.S. 15:85(5), 15:87 and La.C.Cr.P. art. 345, the period for the bonding agency to produce a defendant in court, as set forth by the legislature, is clearly six months. These statutes provide no discretion to the trial judge to extend that time. The legislature has unequivocally stated that six months is all that is allowed and only the prosecuting attorney can extend that time by making the choice not to seek judgment of bond forfeiture. State v. McCart, 627 So.2d 761 (La.App. 2d Cir.1993). In McCart, we stated that, under La. R.S. 15:85, if the prosecuting attorney does not desire to seek forfeiture of the bond, then he or she is not required to do so. This, in effect, vests the prosecuting attorney, but not the trial judge, with discretion to extend the time for the bonding agency to produce the defendant in court by not seeking bond forfeiture.
In State v. Cloter, 00-0119 (La.6/30/00), 762 So.2d 1079, the supreme court refused to set aside a judgment of bond forfeiture following the defendant's arrest. The arrest occurred 16 days after the six-month surrender period had expired. The supreme court stated that the defendant's arrest did not operate as satisfaction of an otherwise properly noticed judgment of bond forfeiture. Cloter, supra. Clearly, under the facts provided, the court did not believe that the six-month period was flexible and the trial judge does not have discretion to set aside a judgment of bond forfeiture if the defendant was not timely surrendered to the court. The court in Cloter said it was an absolute barrier to the recovery of the bond when the defendant was arrested outside of the six-month period.
In State v. Washington, 386 So.2d 89 (La.1980), the facts mirrored those in Cloter. The defendant was not captured until a year and a half after he failed to appear. The supreme court emphasized that this capture fell outside the six-month deadline, so the judgment of bond forfeiture could not be set aside. Further, the supreme court stated that it had been called upon in the past to interpret various aspects of the bond forfeiture provisions and had always strictly construed those provisions. Washington, supra, citing State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965).
Under some limited circumstances, a surety may be entitled to present evidence supporting an attack on a bond forfeiture judgment beyond the six-month period. In State v. West, 384 So.2d 784 (La.1980), the court considered a bond forfeiture where the defendant had been incarcerated in another jurisdiction during the six-month period (see La. R.S. 15:87). The defendant's bond was forfeited on February 21, 1979; and defense counsel moved to set aside the forfeiture on March 2, 1979, on the grounds that the defendant was incarcerated in federal prison in Arizona. The proceedings were continued until August 22, 1979, when the defendant presented an affidavit showing that he was in prison at the time he was supposed to be in court in Louisiana. Although the affidavit was valid, the trial court ruled that the proof came two days too late. The supreme court reversed, stating:
Although relator was not prevented from presenting his evidence within the period of limitation, neither was he required to do so, having timely filed and vigorously urged his motion early in the proceedings. From the outset, counsel resisted the bond forfeiture and made *1185 known to the court the facts warranting an annulment of the judgment. By commencing proceedings to set aside the forfeiture well within the six month period, counsel earned a reasonable extension of the deadline for producing his evidence. Cf. State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965). His acquiescence in the continuances of the hearing could not fairly operate to defeat his meritorious claim.
The critical distinction between the instant case and the West case is the ground on which the motion to set aside the forfeiture was based. In West, the defendant was prevented from attending the proceedings because he was incarcerated, one of the justifications specifically recognized as valid by the legislature in La. R.S. 15:87. In the case sub judice, however, the surety sought an extension, not for one of the statutorily recognized reasons, but because:
It is still within six months of the notice of bond forfeiture to the surety company; and the surety company is making every effort to bring this defendant to court and justice. The defendant has been located in Canada and arrangements are currently being made with Canadian authorities to bring the defendant back to Ouachita Parish. Additional time is needed from this Court to apprehend the defendant and bring him into court.
The motion asserts that Rice could not be brought to justice because he was "located" in Canada, not because he was being "detained" in Canada. Detention may serve as a valid justification for nonappearance; flight cannot. In addition, despite the surety's assertion that Rice was located in Canada, the surety did not and has never introduced proof that this was indeed the case. There is no evidence that Rice was being detained in any jurisdiction at the time he failed to appear on April 25, 2001. Thus, following the bond forfeiture statutes, La. R.S. 15:85, et seq., the trial judge could not extend the time for Bankers to produce Defendant in court.
Finally, Bankers cites the case of Hope v. State, 1885 WL 5885 (La.App. 2d Cir. 1885), a decision rendered by this court. We find, however, Hope to be inapplicable. In Hope, the trial judge set aside the judgment of bond forfeiture, even though it was several years later when the defendant was captured, tried and convicted. Significantly, however, the bond forfeiture statutes in effect in 1885 listed no time requirement for bringing a fugitive back to court. Under La. R.S. of 1870, § 1032-1034, § 1509-1511 and § 3570, and under La. R.S. of 1870, § 2968-2972 (1884), no time period is listed for how long a bonding agency had to produce a fugitive in court before the bonding agency would forfeit its bond.[3] The first time period established for producing a defendant in court after the notice of bond forfeiture was sent by the clerk of court was 60 days and then later it was increased to six months, where it stands today. With the advent of the modern bond forfeiture statutes and decisions of the Louisiana Supreme Court such as State v. Washington, supra, and State v. Cloter, supra, we conclude that Hope v. State, supra, is clearly inapplicable to the case sub judice.
Based on these findings, we conclude that the trial judge in the case sub judice *1186 had no discretion to extend the time for allowing the bonding company to produce Rice in court. We hold, therefore, that the trial judge's denial of both Bankers' motion for an extension of time and of the "motion to set aside judgment of bond forfeiture and petition for nullity of judgment" was not error.

CONCLUSION
For the foregoing reasons, both judgments of the trial court denying Bankers Insurance Company's motion for extension of time and its "motion to set aside judgment of bond forfeiture and petition for nullity of judgment" are affirmed. Costs of this appeal are assessed to the Appellant, Bankers Insurance Company.
AFFIRMED.
NOTES
[1] Under La. R.S. 15:85(3), the clerk of court shall promptly mail notice of bond forfeiture to the bonding company.
[2] The day the notice is mailed starts the statutory six-month time period for the bonding company to produce the defendant in court in order to avoid bond forfeiture.
[3] The legislature recodified several statutes in 1884 and they did not meet again until 1886. Either the 1884 law was in effect at the time of this 1885 case or, if the bond forfeiture occurred several years before, as indicated in the case, the 1870 version was in effect. The statutes from 1870 and 1884 are nearly identical. The Court would like to thank Marie Erikson at the Supreme Court Law Library in New Orleans for her help with these historical statutes.