laSOL GOTHARD, Judge.
This appeal concerns a judgment by the trial court in favor of Bankers Insurance Company (Bankers), which vacated a prior judgment of bond forfeiture and declared the judgment to be an absolute nullity, thereby relieving Bankers from all obligations under the bond. For reasons that follow, we reverse.
The record shows that Ken McCoy, a criminal defendant charged with possession of cocaine, posted an appearance bond in the amount of $20,000.00 on January 14, 2002. The bond was underwritten by Bankers. After defendant failed to attend a court hearing on July 9, 2002, the trial court rendered a judgment of bond forfeiture against defendant and Bankers. Notice of the judgment of forfeiture was mailed to Bankers on July 17, 2002. On January 17, 2003, Bankers filed a “Motion for Extension of Stay on the State’s Ability to Collect on Bond Forfeiture, and for Extension of Time Within Which to Bring Defendant to Court and be Relieved of Bond Obligation.” After a hearing on the motion, the trial court granted it and gave Bankers an extension of time until February 17, 2003. Reasons given by the trial court were that the State withdrew its objection to the motion, and that the court was given assurances that a “promising” lead should produce the defendant by February 14, 2003.
|sOn February 19, 2003, Bankers filed a “Motion to Set Aside Judgment of Bond Forfeiture,” alleging that defendant was recovered and re-incarcerated on February 14, 2003. That motion was granted and on May 7, 2003, the trial court rendered the judgment at issue herein. The State applied to this court for review un *1028 der our supervisory jurisdiction. The application was denied because the judgment was appealable. The State filed this appeal as a result of that ruling.
In brief to this court, the State concedes it agreed to a stay from attempting to collect the bond, but argues that the defendant was not brought before the court until February 18, 2003, which is one day beyond the agreed upon date of February 17, 2003. Accordingly, the State argues it has a right to collect on the bond.
Banker’s has not filed a brief in this matter with this court.
La. R.S. 15:85(5) provides as follows:
The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
La.C.Cr.P. Article 345 provides:
A surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond. |4B. If the defendant is incarcerated by the officer originally charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may apply for and receive from any officer in charge of any facility in the state of Louisiana or a foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer charged with the detention of the defendant as to the identity of the defendant. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.
C. When a surety receives either a certificate of surrender provided for in Paragraph A of this Article or a letter of verification as provided for in Paragraph B of this Article, the surety shall pay a fee of twenty-five dollars to the officer charged with the defendant’s detention for recalling the capias, accepting the surrender or verifying the incarceration, processing the paperwork, and giving the surety a certificate of surrender or a letter of verification of incarceration issued pursuant to this Article releasing him from his obligation under the defendant’s bond.
D. If during the six-month period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the *1029 judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion in summary proceeding within the six-month period.
(2) The defendant’s sureties produce to the court adequate proof of defendant’s incarceration, or the officer originally charged with defendant’s detention verifies the defendant’s incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the six-month period at the time the defendant or the surety files the motion, shall be deemed adequate proof of the defendant’s incarceration.
(3) The defendant’s sureties pay the officer originally charged with the defendant’s detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return.
E. At any time prior to forfeiture or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may present to the court a certificate of death naming the defendant as the deceased party. The certificate shall be under seal of the authority confirming the defendant’s death. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.
|r,F. When the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued to the surety as provided for in this Article, the court shall, upon presentation of the certificate of surrender or the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside.
G. During the six-month period provided for surrendering the defendant, the surety may request from the officer originally charged with a felony defendant’s detention that the felony defendant’s name be placed into the National Crime Information Center registry. Upon such a request, the surety shall pay to the officer originally charged with the felony defendant’s detention a fee of twenty-five dollars for processing such placement. If, after the request by the surety and payment of the twenty-five dollar fee, the defendant’s name is removed from the National Crime Information Center registry without cause during the six-month period provided for surrendering the defendant, the surety shall be relieved of all obligations under the bond.
La. R.S. 15:87 provides in pertinent part as follows:
A. No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
La.R.S. 15:85(10) provides as follows:
Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. The appearance of the defendant shall operate as a satisfaction of the judgment and the surrender shall oper *1030 ate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within ten days after the expiration of the six-month period provided to surrender the defendant, be fully satisfied by the payment of the amount of the bail obligation without incurring any interest, costs, or fees.
biln the instant matter, Bankers did not comply with any of the above cited law. It did not bring any defenses pursuant to La. C.Cr.P. Art 845 or La. R.S. 15:87. Nor is Bankers entitled to have the judgment of forfeiture set aside pursuant to La. R.S. 15:85(10), since the surrender or appearance of the defendant was not within six months of the mailing of the notice of the signing of the bond forfeiture.
The law does not provide discretion for the trial court to extend the six month deadline. State v. Rice, 86,401 (La. App. 2 Cir. 9/18/02), 827 So.2d 1180, writ den., 02-2587 (La.12/13/02), 831 So.2d 989. Even assuming arguendo that the State’s acquiescence in the extension of time legitimized the error, the defendant did not make an appearance within the allotted extended time. Although Banker’s asserts the defendant was surrendered on February 14, 2002, there is nothing to support that assertion in the record. Further, the judgment setting aside the judgment of bond forfeiture was done in a summary proceeding in violation of La. R.S. 15:85(10).
For the above discussed reasons, we reverse the trial court’s May 7, 2003 judgment which vacated and set aside the bond forfeiture, and we reinstate the judgment of bond forfeiture rendered on July 9, 2002.

REVERSED AND RENDERED.