STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1111 consolidated with CW 04-914

STATE OF LOUISIANA

VERSUS

DOMINIQUE TURNER

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 10062-03
HONORABLE ALCIDE JOSEPH GRAY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**AFFIRMED; WRIT DENIED.**

**Robert Richard Bryant, Jr.**
**District Attorney**
**Frederick Wayne Frey**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**Counsel for Plaintiff/Appellant**
        **State of Louisiana**

**Glen D. Vamvoras**
**Michael H. Schwartzberg**
**Vamvoras & Schwartzberg**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1621**
**Counsel for Defendant/Appellee**
        **Dominique Turner**

GREMILLION, Judge.

The State of Louisiana appeals the judgment of the trial court granting the motion of the appellant, Paris Bail Bonds, to set aside a judgment of bond forfeiture forfeiting an appearance bond posted by it to guarantee the appearance of Rudolph Turner. For the following reasons, we affirm the judgment of the trial court and deny the granting of the writ.

## FACTS

On January 13, 2003, Paris Bail Bonds posted a $50,500 appearance bond on behalf of an individual purporting to be Rudolph Turner, who was arrested on the charge of possession of over four hundred grams of cocaine. A bill of information indicting Turner was issued on January 16, 2003, and he was scheduled for arraignment on July 21, 2003. When he failed to appear for court, a bench warrant was issued by the trial court and the State moved for a forfeiture of the appearance bond. A Judgment of Appearance Bond Forfeiture was rendered on August 28, 2003. Notice of this judgment was mailed to Paris Bail Bonds on September 5, 2003. At a March 22, 2004 hearing, it was determined that the person purporting to be Rudolph Turner was actually Dominique Turner. Dominique had used the identity of his younger brother, Rudolph, when arrested by the Calcasieu Parish Sheriff's Office, which information was relied on by Paris Bail Bonds in issuing its appearance bond. Upon learning this, the trial court amended the arrest warrant and the State amended the May 8, 2003 bill of information to reflect that the defendant was Dominique Valentino Turner a/k/a Rudolph Turner and that his date of birth was December 11, 1975.

1

On April 29, 2004, Paris Bail Bonds filed a motion to set aside the August 28, 2003 judgment of bond forfeiture. After listening to argument in this matter, the trial court rendered oral reasons setting aside the bond forfeiture. This appeal by the State followed. Additionally, the State sought a supervisory writ of review in this matter, which writ was granted and ordered consolidated with its appeal. *See State v. Dominique Turner a/k/a Rudolph Turner*, 04-914 (La.App. 3 Cir. 10/20/04), _ So.2d _.

## ISSUES

On appeal, the State argues that the trial court erred in setting aside the bond forfeiture since Paris Bail Bonds failed to request that it be set aside within the six-month time limitation for doing so. In response to the State's appeal and writ, Paris Bail Bonds has filed an Alternative Motion to Remand for the taking of evidence. This motion has been referred to the merits of the matter.

## BOND FORFEITURE

The State argues that it obtained the bond forfeiture judgment in compliance with La.R.S. 15:85 and that Paris Bail Bonds failed to file its motion to set aside the forfeiture within the six-month period allowed by that same statute. Thus, it argues that the trial court erred in setting aside the judgment of bond forfeiture.

Section 85 of the Louisiana Revised Statutes, Title Fifteen contains the provisions pertaining to the forfeiture of appearance bonds. The statute provides in pertinent part:

> (1) **Failure to appear and answer.** If at the time fixed for appearance the defendant fails to appear and answer when called, the

2

judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.

(2) **Signing of the judgment of bond forfeiture.** Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.

(3) **Notice of judgment.**

(a)    After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. . . .

. . . .

(5) **Summary proceedings.** The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceedings brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.

(6) **Appeals**.

(a)   The defendant and his sureties shall have the right to an appeal that suspends the effect or execution of the judgment of bond forfeiture. The security to be furnished for this suspensive appeal shall be equal to the bail obligation.

(b)   The defendant and his sureties shall have the right to a devolutive appeal of the judgment of bond forfeiture.

(c) All appeals shall be to the appellate court having general civil

3

appellate court jurisdiction over the court issuing the judgment of bond forfeiture.

**(7) Enforcement and collection of judgment.** No judgment of bond forfeiture rendered on or after August 15, 1997, shall be enforced or collected until ten days after the expiration of six months after the mailing of proper notice of the signing of the judgment of bond forfeiture. The timely filing of a suspensive appeal shall suspend the enforcement or collection of the judgment of the bond forfeiture. In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue, in accordance with R.S. 47:299.1 through 299.20. *If after six months and ten days from the mailing of proper notice of the signing of the judgment, a judgment of bond forfeiture against a commercial surety company has not been suspensively appealed nor satisfied or proceedings challenging the bond forfeiture have not been timely filed, the prosecuting attorney may either file a rule to show cause with the commissioner of insurance in accordance with R.S. 22:658.1 or collect the judgment in the same manner as a civil judgment.*

. . . .

**(9) Nullity actions.** Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.

**(10) Satisfaction of judgment of bond forfeiture.** *Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant.* The appearance of the defendant shall operate as a satisfaction of the judgment and the surrender shall operate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within ten days after the expiration of the six-month period provided to surrender the defendant, be fully satisfied by the payment of the amount of the bail obligation without incurring any interest, costs, or fees.

(Emphasis added).

Paris Bail Bonds issued the appearance bond on Turner's behalf on January 13, 2003. His arraignment was scheduled for July 21, 2003. When he failed

4

to appear in court, the trial court ordered a bench warrant issued on July 24, 2003, and the State moved for a bond forfeiture. The judgment forfeiting the appearance bond was rendered on August 28, 2003, and notice of mailing of the judgment was sent to Paris Bail Bonds on September 5, 2003. Paris Bail Bonds filed its motion to set aside the bond forfeiture judgment on April 29, 2004, more than six months after the notice of the judgment was mailed.

We recognize that bond forfeitures are not favored by law. *State v. Hathaway*, 403 So.2d 737 (La.1981); *State v. Rice*, 36,401 (La.App. 2 Cir. 9/18/02), 827 So.2d 1180, *writ denied*, 02-2587 (La. 12/13/02), 831 So.2d 989. Thus, the State must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. *State v. DeLaRose*, 391 So.2d 842 (La.1980). A surety is allowed six months within which to produce the defendant in court. La.R.S. 15:85(10). No extension of this time is allowed; the only extension which may take place operates pursuant to the district attorney's failure to seek the bond forfeiture at the time of the defendant's nonappearance. *Rice*, 827 So.2d 1180. In *State v. Lanns*, 95-781, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 66, 67, the appellate court held that a "surety should not be penalized for failing to produce the defendant timely when that failure was due to a reasonable reliance on false information provided by representatives of the state."

Under the facts of this matter, we affirm the trial court's judgment setting aside the bond forfeiture. It is undisputed that Dominique falsely identified himself as Rudolph to the Sheriff's Office at the time of his arrest. It appears that the Sheriff's Office did nothing to verify whether this information was correct. Paris Bail

5

Bonds then relied on this information in issuing its appearance bond. We find that this reliance was reasonable.

As a result of the Sheriff's Office's failure to verify the information, the bill of information, the indictment, and the bench warrant were all issued for the wrong person, Rudolph. When Dominique failed to appear in court, Paris Bail Bonds once again relied on this information while attempting to locate him. Based on this information, it could not satisfy its appearance bond until the correct warrant was issued for Dominique. Accordingly, we find that the trial court correctly set aside the bond forfeiture. Paris Bail Bonds reasonably relied on the information obtained by the Sheriff's Office; thus, it should not be penalized because that information was erroneous.

Pursuant to our finding, Paris Bail Bonds' Alternative Motion to Remand is rendered moot. Thus, we need not address it.

## CONCLUSION

For the forgoing reasons, the judgment of the trial court setting aside the judgment of bond forfeiture is affirmed. We further deny the State of Louisiana's writ application. The costs of this appeal are assessed against the State of Louisiana, in the amount of $237.50.

**AFFIRMED; WRIT DENIED.**