DYSART, J.,
dissents, with reasons.
hi respectfully dissent. There is no dispute, as regards the factual background and timeline of this matter. American Bankers Insurance Company (hereafter American) posted an aggregate Forty Thousand and no/100 ($40,000) Dollars in commercial surety bonds to secure the appearance of defendant, Generio Allen. Allen failed to appear as ordered on January 29, 2010, and upon the motion of the State, the trial court signed two written judgments of bond forfeiture against American in favor of the State of Louisiana for a total of $40,000. On March 3, 2010, the Clerk of Court of Orleans Parish Criminal District Court mailed notice of the signing of the judgments in accordance with La. Code Crim. Proc. art. 349.3. On August 27, 2010, within six months of the notice, American filed a “Motion for Extension of Time Within Which to Bring Defendant to Court and Be Relieved of Bond Obligation” in accordance with La.Code Crim. Proc. art. 345(1). In response, the State filed an “Exception of No Cause of Action.” Before a hearing was scheduled on American’s motion, the defendant was surrendered to the court on October 5, 2010. The contradictory hearing on American’s motion was heard by the trial court on November 29, 2010. The only witness to testify at the hearing, the bondsman who apprehended and surrendered the defendant, was called by the State. He testified that when he surrendered the defendant, he was booked under ^federal custody. He further testified that there was a “sealed indictment” against Generio Allen. The trial court ruled in favor of American holding that since the court did not have a contradictory hearing prior to the defendant being surrendered, it would have granted an extension based upon the information presented at the hearing.
*849 In its sole assignment of error the State maintains that the trial court abused its discretion by finding sufficient grounds under La.Code Crim. Proe. art. 345(1) to set aside the bond forfeiture.
The statute at issue provides, in part:
In addition to and not withstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible to perform ...
The court in its discretion may do any of the following:
(1) Set aside the forfeiture and grant the nullity;
(2) Grant an extension of time up to three hundred sixty-six days from the expiration of the initial time period allowed for the surrender of the defendant from the date of the mailing of proper notice of bond forfeiture ...
(3) Deny the relief.
Although 345(1) was amended in 2010 to remove some language allowing for the court’s discretion, the language of the statute is nonetheless broad and open to a variety of instances within the discretion of the trial court. The mover must provide proof satisfactory to the court that a fortuitous event has occurred making it impossible to perform as required under the contract. In the present case the trial court held: “Because he [the defendant] was an unindicted co-conspirator in a sealed indictment in Federal Court. I think that would have been sufficient grounds to give them a little bit additional time to get here.”
In State v. Rice, 36,401 (La.App. 2 Cir. 9/18/02), 827 So.2d 1180, the court held that the bondsman’s excuse for not producing the defendant was insufficient |ato warrant an extension to produce the defendant for court. None of the enumerated reasons for allowing an extension were satisfied, i.e., the bonding company did not claim that the defendant was being detained in Canada, but merely, that he had been located in Canada.
In the instant case, Allen was not being physically detained and was actually located living in a residence. However, he was also under a federal indictment, indicating that he was being “hidden” until he could testify. This fact was corroborated by Allen being checked into the federal tier at central lock-up when he was surrendered to officials in New Orleans.
Accordingly, I find that the trial court acted within its discretion to interpret the particular facts of this case, and analogize Allen’s status as an unindicted co-conspirator under federal indictment with being detained. See La.Code Crim. Proc. art. 349.9 A(2). I would therefore affirm the decision of the trial court.