COOKS, J.,
dissenting.
I respectfully dissent from the majority opinion reversing the judgment of the trial court and reinstating the bond judgment forfeitures. In this case, the majority accepts the State’s argument that the trial court may not adjudge the bond obligations satisfied without all three conditions of La.Code Crim.P. art. 345 having been met. While it is clear the third requirement of that article (payment of transportation costs) was not met, the record is equally clear this requirement was not met because of the actions or inactions of the State and not due to any failures on the part of the surety.
The surety notes in the long-standing case of Payne v. Lyons Cypress Lumber Co., 7 Orl.App. (La.App.Orleans 1910), the court stated “Defendant cannot avoid the burden of a contract when its own conduct prevented plaintiffs from carrying out his part of the undertaking, and when the latter was ready and willing to discharge his obligation.” I am satisfied the record reflects the surety was prevented from paying the reasonable transportation costs of the defendant and meeting all the requirements of article 345 solely because of the policies and procedures of the Lafayette Parish Sheriffs Office and the inaction of the state actors.
In this case, a hold was placed by the Lafayette Parish Sheriffs Department on the defendant when she came under the custody of the state of Colorado on December 17, 2014. The surety agreed to pay extradition costs to bring Defendant back to Louisiana. The Lafayette Parish Sheriffs Department would not accept payment of the extradition costs until the Lafayette Parish District Attorney’s Office agreed to extradite Defendant. The district attorney’s office did not proceed with the necessary actions to extradite Defendant. The surety awaited word from the Sheriff or District Attorney as to the amount of transportation costs, but did not receive such. Thus, it was unable to pay the transportation costs as required by article 345 despite its fervent attempts to do so. The surety then moved to have the bond obligation deemed satisfied, which the trial court granted.
Courts have long held that bond forfeitures are not favored by law and the State must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Turner, 04-1111 (La.App. 3 Cir. 12/8/04), 893 So.2d 900; State v. Rice, *848 36,401 (La.App. 2 Cir. 9/18/02), 827 So.2d 1180, writ denied, 02-2587 (La.12/13/02), 831 So.2d 989. As the surety notes, the purpose of the State’s strict compliance with these provisions is to notify the sureties of the defendant’s non appearance and to give the surety an opportunity to apprehend and surrender the defendant.
' The State’s inaction in this matter prevented the surety from meeting the three requirements imposed upon it by article 345. The defendant refused to waive extradition from Colorado. It was then incumbent upon the State to have an extradition warrant issued to secure defendant’s release from custody in Colorado. The State did not do this. Clearly, the surety is not able to remove the defendant from custody in Colorado without the State doing its part. Thus, the surety was prevented from complying with the third requirement of article 345 (payment of transportation costs) because of the inaction of the State. Thus, the trial court did not err in granting the Motion to Have Bond Obligation Deemed Satisfied. I would affirm the judgment.